**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KEITH HARRIS,
Plaintiff-Appellant,

v.

RONALD EARP; MINDA FOXWELL;
PAUL FRANZONI, the above in both
their official and individual
capacities; MICHAEL DARRELL            No. 99-1244
GAMBRILL; BALTIMORE COUNTY,
MARYLAND,
Defendants-Appellees,

and

TERRY SHERATON, Chief of Police,
Defendant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-96-2850-AMD)

Argued: December 3, 1999

Decided: January 24, 2000

Before WILKINS and MICHAEL, Circuit Judges, and
Margaret B. SEYMOUR, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gary Howard Simpson, Bethesda, Maryland, for Appellant. Paul McLane Mayhew, Assistant County Attorney, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellees. **ON BRIEF:** Virginia Wood Barnhart, County Attorney, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Keith Harris appeals an order of the district court granting summary judgment in favor of his employer, Baltimore County, Maryland (Baltimore County) on Harris' claims of racial discrimination and retaliation.[1] See 42 U.S.C.A. §§ 2000e-2, 2000e-3 (West 1994). Finding no error, we affirm.

I.

The facts, viewed in the light most favorable to Harris, are as follows. Harris is an African-American police officer with the Baltimore County Police Department (the Department). Beginning in 1992, Harris experienced what he perceived to be several acts of race discrimination. When his superiors failed to satisfactorily resolve the problems, Harris and another African-American officer filed an internal complaint in March 1993, which launched a departmental investigation. Harris continued to experience adverse events that he believed

_____

[1] Although Harris brought several claims in the district court, he pursues only the racially hostile environment and retaliation claims in this appeal.

2

were racially motivated. He filed additional complaints with the Department, and in March 1994, Harris filed an EEOC complaint. The departmental investigation was completed in December 1994 and concluded that the officers' allegations were unfounded. In April 1996, Harris was notified that he was being transferred to another division within the Department. Shortly thereafter, Harris filed this action, alleging, inter alia, that he had been subjected to a racially hostile work environment and that he had been transferred in retaliation for his complaints about race discrimination.

The district court granted summary judgment to Baltimore County. See Settle v. Baltimore County, 34 F. Supp. 2d 969 (D. Md. 1999).[2] With respect to the hostile environment claim, the court reasoned that Harris failed to proffer sufficient evidence that the incidents he cited to support the claim were racially motivated or were "sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere."[3] Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998). With respect to the retaliation claim, the court reasoned that Harris failed to establish his prima facie case because he had not been subjected to an adverse employment action. See Beall v. Abbott Lab., 130 F.3d 614, 619 (4th Cir. 1997).

II.

After reviewing the parties' briefs and the applicable law, and having had the benefit of oral argument, we conclude that the district court correctly granted summary judgment in favor of Baltimore County. Accordingly, we affirm.

AFFIRMED
_____

[2] Harris' case was consolidated by the district court with a similar suit that had been brought by another police officer employed by Baltimore County, Calvin Settle.

[3] On appeal, Harris references incidents in support of his hostile environment claim that he had argued to the district court supported a disparate treatment claim.