162 F.3d 795
 78 Fair Empl.Prac.Cas. (BNA) 1241
 James CAUSEY, Plaintiff-Appellant,
v.
George BALOG, Individually, and as current Director of
Department of Public Works; Raymond Holland, Individually
and as former Assistant Head of Bureau of Transportation of
Department of Public Works; Dave Montgomery, Individually
and as current Head of Bureau of Transportation of
Department of Public Works; Keith Scroggins, Individually
and as current Head of Personnel Department of Public Works;
Herman Williams, Individually and as prior Commissioner of
Department of Transportation; Kurt Schmoke, Mayor of the
City of Baltimore; Mary Pat Clarke; Jacqueline McClean;
The Board of Estimates of The City of Baltimore; John L.
Cain; Nicholas C. D'Adamo, Jr.; Perry Sfikas; Anthony J.
Ambridge; Paula Johnson Branch; Carl Stokes; Wilbur E.
Cunningham; Martin E. Curran; Martin O'Malley; Lawrence
A. Bell; Sheila Dixon; Agnes Welch; Vera P. Hall; Iris
G. Reeves; Rochelle Spector; Joseph DiBlasi; Timothy J.
Murphy; Melvin L. Stukes; The City Council of Baltimore
City, Defendants-Appellees.
 No. 96-2350.
 United States Court of Appeals,
Fourth Circuit.
 Argued Sept. 24, 1998.
Decided Dec. 15, 1998.
 
 ARGUED: Mercedes Casado Samborsky, Joppatowne, Maryland, for Appellant. Michael George Raimondi, Office of the City Solicitor, Baltimore, Maryland, for Appellees. ON BRIEF: James S. Ruckle, Jr., George J. Philipou, Office of the City Solicitor, Baltimore, Maryland, for Appellees.
 Before MURNAGHAN and HAMILTON, Circuit Judges, and MAGILL, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.
 Affirmed by published opinion. Senior Judge MAGILL wrote the opinion, in which Judge MURNAGHAN and Judge HAMILTON joined.
 OPINION
 MAGILL, Senior Circuit Judge:
 
 
 1
 James Causey, a sixty-two-year-old white male employee of the City of Baltimore, was transferred and eventually discharged as part of a reorganization and reduction in force. He brought this discrimination action under Title VII, the ADEA, and 42 U.S.C. §§ 1981, 1983, and 1985 against the Mayor, City Council, Board of Estimates, and several individual defendants, seeking recovery for discriminatory discharge, retaliation, and harassment. The district court granted summary judgment in favor of the defendants, and Causey appeals. We affirm.
 
 I.
 
 2
 Causey, a traffic and transportation engineer with over twenty-five years of experience, began working for the City of Baltimore as Deputy Commissioner of the Department of Transit and Traffic in 1981. Mayor Kurt Schmoke (the Mayor) appointed Causey acting Commissioner of the Department of Transportation (DOT) in December 1987. In May 1988 the Mayor appointed Herman Williams permanent Commissioner of DOT and named Causey Deputy Commissioner I of DOT. After becoming Causey's supervisor, Williams allegedly harassed Causey with verbal abuse, false accusations of wrongdoing, interference with job duties, and threatened termination. In May 1992 the Mayor removed Williams and named a new acting DOT Commissioner.
 
 
 3
 In October 1992 the City Council eliminated DOT and merged its responsibilities into the Department of Public Works (DPW). Causey's DOT position was eliminated, and he applied for the position of Chief of DPW's new Bureau of Transportation (BOT). George Balog, Director of DPW, appointed Dave Montgomery acting Chief of BOT and named Causey acting Chief of BOT's Traffic Division, a position directly subordinate to Montgomery's. Causey's move from DOT to DPW resulted in a $6,000 reduction in annual pay. According to Causey, he was not fairly considered for the BOT Chief position and was the only DOT executive rehired at reduced pay and rank. On October 28, 1992, Causey filed an EEO charge against the City, claiming his transfer was the result of race and age discrimination.
 
 
 4
 While working at BOT, Causey claims Montgomery harassed him. For example, Montgomery interfered with Causey's ability to complete projects, limited his access to Montgomery, withheld information, refused to allow him to attend some job-related seminars on job time, imposed unreasonable deadlines, reassigned tasks to subordinates, ignored his advice, and chastised him. Causey believed this treatment was the result of Montgomery's animosity toward his race and age or, in the alternative, was done in retaliation for his EEO charge. Causey filed a second EEO charge against the City in March 1993, alleging retaliatory harassment.
 
 
 5
 On November 5, 1993, Montgomery and Balog told Causey his position was being abolished due to budgetary constraints. In a letter dated January 12, 1994, Balog specifically informed Causey he was being released because his position was abolished. The Board of Estimates authorized this reorganization and reduction in force. Causey subsequently amended his March EEO charge to claim his termination was also in retaliation for his initial EEO complaint.
 
 
 6
 After receiving a right-to-sue letter from the EEOC, Causey filed a complaint in federal district court asserting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34, 42 U.S.C. §§ 1981, 1983, and 1985, and state law defamation. The complaint named the Mayor, City Council, Board of Estimates, and several City employees, in their representative and individual capacities, as defendants. After discovery, the defendants moved for summary judgment, which the district court granted. Causey filed a motion requesting the court to alter or amend judgment. The district court denied the motion. Causey now appeals the grant of summary judgment to the defendants.
 
 II.
 
 7
 We review a district court's grant of summary judgment de novo. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir.1995). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, demonstrates there are no genuine issues as to any material fact, and the moving party is entitled to judgment as a matter of law. See United States v. Leak, 123 F.3d 787, 794 (4th Cir.1997).
 
 
 8
 Causey presented no direct evidence that the defendants intentionally discriminated against him on the basis of his race or age, so he relied on the burden-shifting method of proof established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See Henson, 61 F.3d at 274 (applying McDonnell Douglas to ADEA claims). Under McDonnell Douglas, Causey has the initial burden of establishing a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. 1817. Establishing a prima facie case gives rise to an inference of discrimination, and the burden then shifts to the defendants to provide a legitimate non-discriminatory reason for their action. See id. at 802-04, 93 S.Ct. 1817; Henson, 61 F.3d at 274. The defendants' burden is only one of production, not persuasion. See Henson, 61 F.3d at 274-75. If the defendants provide evidence of a non-discriminatory reason for their action, Causey bears the ultimate burden of persuasion and must show, by a preponderance of the evidence, that the proffered reason was pretext for discrimination. See id. at 275.
 
 A.
 
 9
 Causey first contends the district court erred in concluding that the individual defendants could not be personally liable for alleged violations of Title VII and the ADEA. The individual defendants are not subject to personal liability because they were not named as respondents in any of Causey's EEO charges. Causey named only the City of Baltimore as respondent in each of his EEO charges. Under Title VII and the ADEA, a civil action may be brought only "against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1) (1994); 29 U.S.C. § 626(e) (1994). The purposes of this requirement include putting the charged party on notice of the complaint and allowing the EEOC to attempt reconciliation. See Alvarado v. Board of Trustees of Montgomery Community College, 848 F.2d 457, 460 (4th Cir.1988). In this case, Causey's EEO charge failed to put the individual defendants on notice that they were potentially subject to personal liability for the alleged violations. We therefore agree with the district court's conclusion that the individual defendants may not be held personally liable for any alleged violations of Title VII or the ADEA.[1]
 
 B.
 
 10
 Causey next argues the City's failure to name him BOT Chief, instead of Montgomery, was discriminatory. The district court concluded Causey established a prima facie case of discrimination, applying a failure to promote test. The City presented evidence that it chose Montgomery to head BOT because he had superior administrative experience. This evidence satisfies the City's burden to provide a legitimate non-discriminatory rationale for its decision. Causey argues this rationale was pretext because he was more qualified than Montgomery. Balog admitted Causey was qualified for the position, but concluded Montgomery's administrative experience, as Chief of DPW's abolished Bureau of Construction, made him better suited to this administrative position. While Causey may have been qualified to fill the BOT Chief position, this Court is not in a position to second guess executive hiring decisions that are based on legitimate, non-discriminatory rationales such as superior administrative experience. See Holmes v. Bevilacqua, 794 F.2d 142, 146-47 (4th Cir.1986) (en banc). Causey's conclusory allegations that the City was attempting to displace older white employees with younger black employees are likewise insufficient to support a finding of pretext. See Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir.1988). Because Causey did not provide the district court with evidence that the City's decision was based on impermissible factors, we conclude summary judgment was appropriate.
 
 C.
 
 11
 In addition, Causey asserts the district court erred in dismissing his race and age harassment claims.[2] We disagree because Causey failed to put forth a prima facie case of harassment.
 
 
 12
 To state a claim for hostile work environment, Causey must show that: (1) the harassment was unwelcome; (2) the harassment was based on his race or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. See Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 772(4th Cir.1997).
 
 
 13
 The district court concluded that the incidents cited in support of these allegations were too conclusory and short on specifics to support a claim for hostile environment. While we agree many of the facts recited in Causey's answers to interrogatories lack specificity, several of the allegations are sufficiently detailed to be considered in support of such a charge. Even when we consider these allegations, however, there is no indication any of the incidents complained of were the result of Causey's supervisors' animosity toward his race or age. To establish a hostile environment claim, Causey must show that "but for" his race or age, he would not have been the victim of the alleged discrimination. See id. Causey has failed to present any evidence suggesting Montgomery's conduct was motivated by Causey's race or age. Montgomery never made any derogatory comments about Causey's race or age, and nothing about his conduct suggests it was based on these factors.
 
 
 14
 While race or age based animosity could be shown by Montgomery's differential treatment of similarly situated younger or black employees, Causey did not make this showing. Causey made conclusory statements that Montgomery treated him less favorably than younger black and white employees of similar rank. Causey's conclusory statements, without specific evidentiary support, cannot support an actionable claim for harassment. See Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir.1994). Because Causey has provided no evidence that the alleged acts of mistreatment were based on his race or age, the district court properly granted the defendants' motion for summary judgment.
 
 D.
 
 15
 Causey next challenges the district court's dismissal of his discriminatory discharge claim. Causey contends the City discharged him because of his age and race. We believe Causey failed to establish a prima facie case of discriminatory discharge.
 
 
 16
 To establish a prima facie case of discriminatory discharge under the ADEA, Causey must show the following elements: (1) he is a member of the protected class; (2) he was qualified for the job and met the employer's legitimate expectations; (3) he was discharged despite his qualifications and performance; and (4) following his discharge, he was replaced by someone with comparable qualifications outside the protected class.[3] See Blistein v. St. John's College, 74 F.3d 1459, 1467-68 (4th Cir.1996). The first three elements in Title VII discriminatory discharge claims are the same as under the ADEA. However, the fourth element generally differs in that it requires the plaintiff to show his position remained open to similarly qualified applicants after his or her termination. See, e.g., Karpel v. Inova Health System Services, 134 F.3d 1222, 1228 (4th Cir.1998). The defendants argue Causey failed to introduce evidence satisfying the fourth element under either statute. We conclude Causey failed to provide evidence demonstrating that the City filled his position or attempted to do so after his discharge. Causey introduced no evidence showing that his former position had been filled or that the City solicited applications to fill it. Causey introduced a copy of the "List of Budgeted Positions & Personnel," dated June 29, 1995, which shows Causey's old position as budgeted and vacant. J.A. at 237. This evidence supports a finding that nobody replaced Causey, and fails to demonstrate the City was actively seeking to fill the position, as Causey claims it does. We also note that Causey's papers acknowledge that the duties of his former position were split between BOT's Parking Division and Highway Division after his termination. Based on this evidence, we conclude Causey failed to establish the fourth element of a prima facie case.
 
 
 17
 Because Causey was terminated as part of a reduction in force, he could potentially satisfy the fourth element of a prima facie case by introducing other probative evidence that indicates the employer did not treat age and race neutrally when making its decision. See Blistein, 74 F.3d at 1470. Causey's other allegations are without support in the record or fail to support an inference that the employer considered Causey's race and age when making its decision. Causey claims he was the only employee terminated against his will and was the only one not considered for newly created positions to which his previous duties were assigned. Causey introduced no evidence concerning the other employees' dispositions regarding their terminations. Even if this assertion was supported by evidence, we fail to see how such a finding would support a conclusion that the employer terminated Causey because of his age and race. Causey's claim that he was not considered for new positions to which his duties were transferred is also without support in the record. Causey's own papers suggest no new positions were created to handle his duties and show that those duties were split between other BOT divisions. After reviewing Causey's other evidence, we conclude none of it supports an inference that the City impermissibly considered Causey's race and age when making its decision to terminate him.
 
 E.
 
 18
 Causey further challenges the district court's dismissal of his retaliation claims. Causey contends he was discharged in retaliation for his October 1992 EEO charge. However, he has again failed to set forth a prima facie case.
 
 
 19
 "The test for proving prima facie retaliatory discharge requires that (1) plaintiff engaged in protected activity, such as filing an EEO complaint; (2) the employer took adverse employment action against plaintiff; and (3) a causal connection existed between the protected activity and the adverse action." Carter, 33 F.3d at 460. Causey has failed to satisfy the third element. Thirteen months passed between his initial charge and termination. A thirteen month interval between the charge and termination is too long to establish causation absent other evidence of retaliation. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir.1998) ("A lengthy time lapse between the employer becoming aware of the protected activity and the alleged adverse employment action ... negates any inference that a causal connection exists between the two."); Conner v. Schnuck Markets, Inc., 121 F.3d 1390, 1395 (10th Cir.1997) (four month lag between protected activity and termination not sufficient to justify an inference of causation). Causey introduced no other evidence to support a finding that a causal connection existed between his charge and termination. Even if causation were established, the City's budgetary constraints provide a legitimate non-discriminatory reason for its decision to reduce its workforce, and Causey introduced no competent evidence suggesting this rationale was pretextual.[4] We conclude that the district court properly determined Causey did not establish the causation element of a prima facie case and that he did not introduce competent evidence to rebut the City's non-discriminatory rationale for its decision.
 
 
 20
 Causey also challenges the district court's dismissal of his retaliatory harassment claim. Causey contends he was harassed by Montgomery in retaliation for his initial EEO charge. Again, we find that Causey failed to set forth a prima facie case. Causey failed to satisfy the causation element of this claim because he introduced no evidence that Montgomery knew about his EEO charge.[5] Montgomery was not named in the October 1992 charge, and Causey presented no evidence he was involved in the investigation. Knowledge of a charge is essential to a retaliation claim. See Dowe, 145 F.3d at 657 ("the employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the prima facie case"). Accordingly, summary judgment on Causey's retaliatory harassment claim was appropriate.
 
 III.
 A.
 
 21
 Causey contends the district court erroneously dismissed his § 1983 claim against Williams for harassment.[6] Although the district court did not consider the merits of Causey's § 1983 claim against Williams, we conclude it was barred by the statute of limitations.
 
 
 22
 The applicable statute of limitations for a § 1983 action is taken from limitations applied to state tort causes of action, which is three years in Maryland. See Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir.1995) (en banc) (citing Wilson v. Garcia, 471 U.S. 261, 266-69, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); Grattan v. Burnett, 710 F.2d 160, 162 (4th Cir.1983). Causey filed his complaint on February 28, 1994, so he must point to conduct giving rise to his § 1983 claim after February 28, 1991. Causey only pointed to specific acts of misconduct by Williams occurring up to 1990. Causey alleged he was continually harassed, but we conclude that an allegation of continuous harassment will not save a claim that is otherwise barred by the statute of limitations, absent some showing that an actual violation occurred within the limitations period. See Tinsley v. First Union National Bank, 155 F.3d 435, 442-43 (4th Cir.1998) (finding a continuous violation requires a present violation). Because Causey has failed to specifically identify any discriminatory conduct by Williams within the limitations period, we conclude his § 1983 claim against Williams is procedurally barred.[7]
 
 B.
 
 23
 Causey alleges the defendants violated his Fifth and Fourteenth Amendment rights by willfully and maliciously intending to discriminate against him because he is white. Because Causey failed to establish that the defendants violated his rights under Title VII, his similar claims brought under sections 1981 and 1983 must also fail. See Gairola v. Virginia Dept. of General Services, 753 F.2d 1281, 1285 (4th Cir.1985) (elements of a prima facie case are the same under Title VII, § 1981, and § 1983).
 
 
 24
 Causey's complaint also alleges he was deprived of procedural rights afforded others in applying for civil service jobs. To maintain a procedural due process claim, Causey must establish that he had a protected property or liberty interest. See Mathews v. Eldridge, 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Causey states he was told BOT executive positions were going to be filled under competitive rules, but was later told the rules would not apply. Causey introduced no evidence that the positions to which he applied were in fact subject to the competitive rules or that the rules were applied to other applicants. In addition, the evidence shows that the City in fact considered Causey for the BOT positions to which he applied. Based on this evidence, we cannot conclude the City violated Causey's procedural rights.
 
 
 25
 Although it is not clear Causey's complaint raises additional procedural due process claims, his brief alleges the City violated his rights by failing to comply with City Charter provisions governing reemployment and seniority. After careful review of these claims, we conclude there is no evidence suggesting the City failed to comply with these provisions. Therefore, summary judgment was appropriate.
 
 IV.
 
 26
 After careful consideration of Causey's allegations and supporting evidence, we find the district court correctly determined there were no genuine issues of material fact, and the defendants were entitled to judgment as a matter of law. Causey has simply failed to present evidence giving rise to an inference that the City's actions were based on impermissible consideration of Causey's age, race, and EEO charges. We affirm the district court's order granting summary judgment to the defendants on all claims.
 
 
 27
 AFFIRMED.
 
 
 
 [1]
 While we conclude these defendants cannot be sued in their individual capacities, we will assume, without deciding, that they may be sued in their representative capacities. See Alvarado, 848 F.2d at 460-61 (allowing plaintiff to sue a college president in his official capacity, not-withstanding the fact he was not named in plaintiff's EEO complaint)
 
 
 [2]
 This circuit has not formally recognized a cause of action for hostile work environment under the ADEA. See Burns v. AAF-McQuay, Inc., 980 F.Supp. 175, 180 (W.D.Va.1997). Because the parties do not dispute that such a cause of action exists, we assume, without deciding, that it does for purposes of this claim
 
 
 [3]
 We note that the Supreme Court rejected strict adherence to the fourth element's requirement that the replacement come from outside the protected class in age discrimination cases. See O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996). The Court suggested that replacement by a substantially younger individual would provide a better indicator that the employer's decision was based on impermissible criterion. See id. at 312-13, 116 S.Ct. 1307
 
 
 [4]
 Causey's answers to interrogatories state that the City gave some employees raises and hired a new consultant after his termination. Even if this provided evidence of pretext, Causey cannot rely on this evidence to oppose summary judgment. Rule 56(e) precludes consideration of materials not based on the affiant's first hand knowledge. See Fed. R. Civ. P. 56(e). Causey's answers to interrogatories state that they are based on Causey's knowledge, as well as that of his representatives, agents, and attorneys. J.A. at 346. In addition, Causey's oath states that the answers "are true to the best of my knowledge, information and belief." J.A. at 377. Because we cannot assess whether Causey had first hand knowledge of these facts or whether he is competent to testify to them, we cannot consider them in our review. See, e.g., Price v. Rochford, 947 F.2d 829, 832 (7th Cir.1991); Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir.1988). We also note that Causey did not direct the court's attention to these answers until after it granted summary judgment
 
 
 [5]
 Causey provided an affidavit, signed after the district court granted summary judgment, with his motion to alter or amend judgment that contains additional evidence purporting to support the causation element for this claim. The district court apparently did not consider this evidence. Because the district court did not abuse its discretion, we also decline to consider this evidence in our review of the decision below. A party may rely on newly discovered evidence in support of a motion to alter or amend judgment, see Pacific Ins. Co. v. American National Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998), but Causey obviously knew about these facts before the court considered the summary judgment motion. Causey presented no legitimate reason for failing to present this evidence before summary judgment, so we decline to consider it now. See Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390, 395 (4th Cir.1994)
 
 
 [6]
 The district court ruled Causey could not bring this claim under Title VII because he failed to exhaust administrative remedies. Causey does not dispute this conclusion on appeal
 
 
 [7]
 We note that the defendants pled a statute of limitations defense in their answer to Causey's complaint. We have considered equitable factors that could toll limitations, but conclude tolling was not required