**Larry F. MURPHY, Plaintiff,**

v.

**Richard DANZIG, Secretary of the Navy, Defendant.**

**No. 4:98–CV–152–H(3).**

United States District Court, E.D. North Carolina, Eastern Division.

Aug. 25, 1999.

---

Ruchadina L. Waddell, Wilmington, NC, for Larry F. Murphy, plaintiff.

Jerri U. Dunston, Asst. U.S. Attorney, U.S. Attorney's Office, Raleigh, NC, for

John H. Dalton, Secretary of the Navy, defendant.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on defendant's motion for dismissal or, in the alternative, summary judgment filed on July 1, 1999. The plaintiff failed to file a response and the time for plaintiff to respond has lapsed. Therefore, this matter is ripe for adjudication.

## STATEMENT OF THE CASE

This case involves alleged racial discrimination. The plaintiff, Larry F. Murphy ("Murphy"), worked as a staff accountant at the Marine Corps Air Station, Cherry Point, North Carolina. Murphy, an African–American, contends that his supervisor, Bruce Wood ("Wood") discriminated against him on the basis of race. Murphy's only support for this allegation is an April 28, 1998, meeting at which Wood allegedly "berated" Murphy with comments that ranged from poor work performance to racial stereotypes. Murphy argues that the comments made at the meeting subjected him to disparate treatment on account of his race and created a hostile working environment. Murphy claims that the alleged hostile working environment caused him "undue stress and medical problems." (Pl.'s Compl. at 2).

On June 26, 1998, Murphy filed an administrative complaint with the Equal Opportunity Employment Department of the Navy. On July 17, 1998, the agency issued a final administrative decision ("FAD"), dismissing the complaint for failure to state a claim. Murphy's counsel received the FAD on July 20, 1998. The FAD made clear that Murphy had ninety days from receipt of the FAD to file a civil action in federal court. Murphy filed this action in federal court on October 20, 1998, ninety-two days after receipt of the FAD.

Murphy also failed to serve the defendant within the 120 days allowed under Fed.R.Civ.P. 4(m). Murphy's allotted time to serve the defendant expired on February 18, 1999, but it was not until April 30, 1999, that Murphy even requested an extension of time to serve the defendant. On May, 14, 1999, the court granted Murphy's belated request for an extension of time for service and gave Murphy until June 4, 1999, to serve the defendant. As of June 16, the court still had not received an affidavit of service from Murphy to indicate the defendant was properly served. The court contacted Murphy's counsel to advise her of the problem and was assured that service was complete and the affidavit would be filed as soon as possible. The court assumes service was made since the defendant filed a responsive pleading; however, to this day plaintiff's counsel has yet to file the requested affidavit of service.

On July 1, 1999, defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R.Civ.P. 12(b)(6). In the alternative, defendant requested summary judgment pursuant to Fed.R.Civ.P. 56.

## COURT'S DISCUSSION

### I. Standard of Review

In reviewing a motion to dismiss, the court should view the allegations of the complaint in the light most favorable to the plaintiff. *See De Sole v. United States of America,* 947 F.2d 1169 (4th Cir.1991). The court must recognize the factual allegations of the complaint, but is not bound with regard to its legal conclusions. *See District 28, United Mine Workers, Inc., et al. v. Wellmore Coal Corp., et al.,* 609 F.2d 1083, 1085 (4th Cir.1979). Plaintiffs are entitled to reasonable inferences by the court in ruling on a motion to dismiss. *See Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56 (4th Cir.1993). Motions to dismiss are granted only where the plaintiff can prove no set of facts which would entitle him to relief. *See Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130 (4th Cir.1993).

As a result of alleged employment discrimination based on race, a plaintiff may assert both a racially hostile work environment claim in addition to a discriminatory, or "disparate" treatment claim. *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 2272, 141 L.Ed.2d 633 (1998) (Thomas, J., dissenting). To prove disparate treatment, the plaintiff must show "an adverse employment consequence and a discriminatory intent by his employer." *Id.* Proving a hostile work environment claim requires showing that the plaintiff's "work environment was so pervaded by racial harassment as to alter the terms and conditions of his employment." *Id.* Murphy's complaint is not clear as to whether he is asserting a hostile work environment claim or disparate treatment claim, or both. Accordingly, the court will examine each in turn.

## II. Murphy's Title VII Claim for Hostile Work Environment

To state a claim for hostile work environment, Murphy must show (1) unwelcome harassment; (2) based on race; (3) which is so severe and pervasive that it alters the conditions of employment and creates an abusive atmosphere; and, (4) some basis for imputing liability to the employer. *See Causey v. Balog*, 162 F.3d 795, 801 (4th Cir.1998).

Murphy's only evidence of a hostile working environment centers around a single meeting with Wood on April 28, 1998. Murphy alleges that: (1) that Wood "berated" him for spending too much time on an EEOC case; (2) Wood accused him of not earning his salary; (3) Wood stated that "you're black" and that "you people" are used to being targeted; and, (4) Wood encouraged Murphy to give up his rights as a union representative. As stated, Murphy must allege severe or pervasive harassment to satisfy the *prima facie* elements of a hostile work environment claim. The court assumes that all of Murphy's allegations are true, yet Murphy still fails to present a *prima facie* case of hostile work environment. The allegations above are simply not severe or pervasive enough

to alter the conditions of employment or create an abusive atmosphere.

Whether workplace conduct or comments constitute severe or pervasive harassment is determined by looking at the totality of the circumstances, including "[t]he frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and, whether it unreasonably interferes with an employee's work performance." *SeeHarris v. Forklift Systems, Inc.*, 510 U.S. 17, 22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). The conduct that Murphy complains of occurred at a single meeting; there is no allegation that the conduct occurred ever again, much less on a frequent basis. The conduct was also not severe in nature. Wood allegedly berated Murphy about spending too much time on a project and not being worth his salary. The comment may or may not have been justified, but it is not so uncommon as to constitute severe harassment. The comment concerning Murphy's race was insensitive and may have been humiliating for Murphy. Nevertheless, it was a mere offensive utterance that occurred once and did not unreasonably interfere with Murphy's ability to work.

Murphy's failure to allege any facts that indicate severe or pervasive harassment is fatal to his hostile work environment claim. Murphy's complaint fails to allege the *prima facie* elements of a hostile work environment claim. Accordingly, the defendant's motion to dismiss Murphy's hostile work environment claim is GRANTED.

## III. Murphy's Title VII claim for Disparate Treatment

Murphy contends that he received disparate treatment because he is an African–American. To establish a *prima facie* case of disparate treatment based on race, Murphy must show that (1) he is a member of a protected class; (2) he was subject to some adverse job action; (3) at the time of the action, he was performing at a satisfactory level and meeting his employer's

legitimate expectations; and, (4) following the action, he was replaced by someone outside the protected class. *See Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1228 (4th Cir.1998).

■ An adverse employment action is one in which the employee is discharged, demoted, suffered a decrease in pay or benefits, lost his/her job title or supervisory responsibilities or had his/her opportunity for promotion reduced. *See Boone v. Goldin*, 178 F.3d 253, 255 (4th Cir.1999); *see also Page v. Bolger*, 645 F.2d 227, 233 (4th Cir.1981) (adverse employment action occurs only in "ultimate employment decisions such as hiring, granting leave, discharging, promoting and compensating.") Murphy's complaint is totally devoid of any allegations that might be considered adverse employment actions. Murphy was not fired, demoted, denied promotion, denied leave or subject to a salary reduction. Murphy's complaint offers no evidence of an adverse job action whatsoever and thus fails to present a *prima facie* case of disparate treatment. Defendant's motion to dismiss Murphy's disparate treatment claim is GRANTED.[1]

## CONCLUSION

For the above stated reasons, defendant's motion to dismiss for failure to state a claim is GRANTED. Defendant's motion for summary judgment is denied as moot. The clerk is directed to close this case.

---

1. Defendant's motion to dismiss contained an alternative motion for summary judgment based on Murphy's failure to file a timely complaint. The applicable statute of limitations required Murphy to file a complaint "[w]ithin 90 days of receipt of notice of final action taken" by the Navy with regard to his administrative complaint. *See* 42 U.S.C. § 2000e–16(c) Murphy's counsel received the FAD on July 20, 1998. The FAD clearly stated the limitation period within which Murphy had to file his civil suit. Despite the FAD's clarity as to the time period and conse-

quences of failure to file within the time period, the action was not filed until October 20, 1998, ninety-two days after Murphy's counsel received the FAD and the limitations period began to run. Equitable tolling is sometimes available to save an otherwise tardy complaint; however, in this case Murphy did not even request an equitable tolling of the statute of limitations. In fact, Murphy never responded to defendant's motion for summary judgment on this issue. However, the court's decision to grant the defendant's motion to dismiss renders the issue moot.