**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CALVIN WESTLEY SETTLE,
<u>Plaintiff-Appellant,</u>

v.

BALTIMORE COUNTY POLICE
DEPARTMENT; RONALD EARP; MINDA
FOXWELL; HOWARD HALL; MICHAEL
DARRELL GAMBRILL; MARY K. WARD,                    No. 99-1245
in both their official and individual
capacities,
<u>Defendants-Appellees,</u>

and

TERRY SHERIDAN, Chief of Police,
<u>Defendant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-97-651-AMD)

Argued: December 3, 1999

Decided: January 24, 2000

Before WILKINS and MICHAEL, Circuit Judges, and
Margaret B. SEYMOUR, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gary Howard Simpson, Bethesda, Maryland, for Appellant. Paul McLane Mayhew, Assistant County Attorney, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellees. **ON BRIEF:** Virginia Wood Barnhart, County Attorney, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Calvin Westley Settle appeals an order of the district court granting summary judgment in favor of his employer, Baltimore County Police Department, and other defendants on Settle's claims of racial discrimination and retaliation.[1] See 42 U.S.C.A. §§ 2000e-2, 2000e-3 (West 1994). Finding no error, we affirm.

I.

The facts, viewed in the light most favorable to Settle, are as follows. Settle is an African-American police officer with the Baltimore County Police Department (the Department). Beginning in 1992, Settle experienced what he perceived to be several acts of race discrimination. Settle filed his first EEOC complaint on March 2, 1993. Additionally, Settle and another African-American officer filed an internal complaint on March 26, 1993, which launched a departmental investigation. Continuing to believe that he was being subjected to

_____

[1] Although Settle brought several claims in the district court, he pursues only the racially hostile environment and retaliation claims in this appeal.

2

discriminatory treatment, Settle filed a second EEOC complaint in September 1994.

The departmental investigation was completed in December 1994 and concluded that the officers' allegations were unfounded. Settle continued to experience adverse actions that he believed were racially motivated, including a negative performance evaluation issued by his supervisor. In April 1996, Settle was notified that he was being transferred to another division within the Department. Settle thereafter filed this action, alleging, inter alia, that he had been subjected to a racially hostile work environment and that he had been transferred in retaliation for his complaints about race discrimination.

The district court granted summary judgment in favor of all defendants. See Settle v. Baltimore County, 34 F. Supp. 2d 969 (D. Md. 1999). With respect to the hostile environment claim, the court reasoned that Settle failed to proffer sufficient evidence that the incidents he cited to support the claim were racially motivated or were "sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere."[2] Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998). With respect to the retaliation claim, the court reasoned that Settle failed to establish his prima facie case because he had not been subjected to an adverse employment action. See Beall v. Abbott Lab., 130 F.3d 614, 619 (4th Cir. 1997).

II.

After reviewing the parties' briefs and the applicable law, and having had the benefit of oral argument, we conclude that the district court correctly granted summary judgment in favor of the defendants. Accordingly, we affirm.

AFFIRMED
_____

[2] On appeal, Settle references incidents in support of his hostile environment claim that he had argued to the district court supported a disparate treatment claim.

3