UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL S. MATTHEWS, in his own
right, and as representative on
behalf of a class of plaintiffs
similarly situated,
Plaintiff-Appellant,

v.

HOWARD COUNTY, MARYLAND, a
charter entity; CHARLES ECKER, in
both his individual and official
capacities; BARBARA KRANKOWSKI, in
both her individual and official

capacities; RAQUEL SANUDO, in both
her individual and official
capacities; JAMES N. ROBEY, in both
his individual and official
capacities; WAYNE LIVESAY, in both
his individual and official
capacities; JIMMIE LYNN SAYLOR, in
both her individual and official
capacities; GWEN K. WEST, in both
her individual and official
capacities,
Defendants-Appellees.

No. 99-2654

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-99-2032-JFM)

Submitted: May 31, 2000

Decided: June 20, 2000

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Theodore M. Cooperstein, THEODORE M. COOPERSTEIN, P.C., Washington, D.C., for Appellant. Barbara M. Cook, Howard County Solicitor, Louis P. Ruzzi, Senior Assistant County Solicitor, Ellicott City, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael S. Matthews appeals the order of the district court granting the motion to dismiss or for summary judgment of defendant Howard County, Maryland (County). We affirm.

Matthews first challenges the district court's judgment against him on his Title VII claim. Having reviewed the record, we agree with the district court's holding that Matthews failed to assert a viable claim of employment discrimination that would entitle him to relief. See Alexander v. Estepp, 95 F.3d 312, 317 (4th Cir. 1996).

As to his civil rights claims, the district court correctly held that the relevant, three-year statute of limitations had expired before Matthews filed his claim. See Causey v. Balog, 162 F.3d 795, 804 (4th Cir. 1998). Section 1986, 42 U.S.C. (1994), contains its own one-year

2

limitation, which was also expired. Nor are we persuaded by any of Matthews's arguments concerning tolling, equitable estoppel, or continuing violation.

Finally, we conclude that the district court did not abuse its discretion in refusing to certify a class. See United States v. Jones, 136 F.3d 342, 349 (4th Cir. 1998). We affirm the ruling of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3