UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KIRK CARTER; REGINALD FITZGERALD,
*Plaintiffs-Appellants,*

v.

RONALD MORGAN,
*Defendant-Appellee,*

and

AMERICAN HORSE CENTER,
INCORPORATED, formerly known as
Harbor Shuttle Company, Inc.;
SILVER CLIPPER, INCORPORATED, t/a
Harbor Shuttle Company, Inc.,
*Defendants.*

No. 01-2117

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-01-1663-AMD)

Submitted: March 27, 2002

Decided: April 25, 2002

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mark R. Millstein, MILLSTEIN LAW OFFICES, Baltimore, Maryland, for Appellant. John B. Stolarz, STOLARZ & BRICKER, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Kirk Carter and Reginald Fitzgerald appeal the district court's grant of Ronald Morgan's motion for judgment on their claims of defamation and hostile work environment based on race. We affirm.

Carter and Fitzgerald were employees of Silver Clipper, Inc., T/A Harbor Shuttle, Inc., a Maryland corporation. Ronald Morgan was the president, sole shareholder, and manager of the corporation. Carter was terminated on August 2, 1999, and Fitzgerald resigned.

They sued Harbor Shuttle, Inc., Silver Clipper, Inc., and Morgan in state court, alleging defamation, failure to pay overtime wages, and breach of contract. Carter and Fitzgerald also claimed Harbor Shuttle, Inc., and Silver Clipper, Inc., discriminated against them in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17 (1994). Silver Clipper, Inc., and Harbor Shuttle, Inc., filed for bankruptcy. Thereafter, Carter and Fitzgerald filed a third amended complaint against Morgan alleging he subjected Carter and Fitzgerald to a hostile work environment in violation of 42 U.S.C. § 1981 (1994). Morgan removed the case to federal court, where the parties proceeded with a jury trial solely against Morgan.

At the close of plaintiffs' case, Morgan moved for judgment. The district court granted the motion in part and denied it in part, dismissing the defamation and hostile work environment claims, awarding Carter overtime, and denying him treble damages and attorney's fees. Carter and Fitzgerald timely appealed the district court's granting of Morgan's motion for judgment on their defamation and hostile work environment claims.

Our review of the grant of a motion for judgment as a matter of law is de novo. *See Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655,

661 (4th Cir. 1993). We must affirm the district court's ruling unless, viewing all the evidence in the light most favorable to Appellants and giving them the benefit of all reasonable inferences, no reasonable juror could have returned the verdict in their favor. *Id.* at 660-61.

To maintain a cause of action for defamation under Maryland law, a plaintiff must show: (1) Morgan made a defamatory communication to a third party; (2) the communication was false; (3) Morgan intended to communicate a false statement; and (4) plaintiff suffered damages. *Gohari v. Darvish*, 767 A.2d 321, 327 (Md. 2001). In the employer/employee context, Maryland law has recognized a qualified privilege for defamatory statements published to a fellow employee with a mutual interest in the information. *Happy 40, Inc. v. Miller*, 491 A.2d 1210, 1214 (Md. Ct. Spec. App. 1985) (finding employer entitled to privilege in defamation case when he told remaining employees of reasons for plaintiff's discharge).

We find the district court did not err in granting Morgan's motion for judgment, dismissing the defamation claims because Carter and Fitzgerald failed to establish the elements of a prima facie case. We further conclude, assuming the statement met the requisite elements, it would be sheltered by a qualified privilege because it was made by the president of the company to another employee who scheduled and hired employees, and the record is devoid of evidence the statement was made with malice, which would result in the loss of the privilege. *Happy 40, Inc.*, 491 A.2d at 1214.

We find Carter's and Fitzgerald's claims Morgan created a hostile work environment likewise fail. To establish a hostile work environment claim, Carter and Fitzgerald must show: (1) the harassment was unwelcome; (2) the harassment was based on their race; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. *See Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998). In assessing whether a work environment is objectively hostile, the district court considered the totality of the circumstances, including the frequency and severity of the discriminatory conduct, whether it was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance. *See Harris v.*

*Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). Construing the evidence in the light most favorable to Carter and Fitzgerald, their claims for hostile work environment fail because, under a totality of the circumstances, Morgan's alleged conduct was not objectively sufficiently pervasive or severe to alter a term or condition of their employment and thereby create an abusive work environment.

Accordingly, we affirm the district court's order granting Morgan's motion for judgment. We deny Appellants' request for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*