**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2334**

BERNARD BARNES,

        Plaintiff - Appellant,

    v.

CHARLES COUNTY PUBLIC SCHOOLS,

        Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:16-cv-01902-PJM)

Submitted: July 24, 2018                Decided: August 22, 2018

Before TRAXLER, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nathaniel D. Johnson, White Plains, Maryland, for Appellant. Edmund J. O'Meally, Andrew G. Scott, PESSIN KATZ LAW, P.A., Towson, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernard Barnes appeals the district court's order granting summary judgment to Charles County Public Schools ("CCPS") on his discrimination and retaliation claims raised pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012), the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §§ 621 to 634 (West 2008 & Supp. 2017), and the Maryland Fair Employment Practices Act ("FEPA"), Md. Code Ann., State Gov't § 20-606(a)(1)(i) (LexisNexis 2014). Finding no error, we affirm the district court's order.

We "review[] de novo [a] district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

To establish a failure to promote claim under Title VII,[*] a plaintiff must show "that he (1) is a member of a protected class; (2) applied for the position in question; (3) was qualified for the position; and (4) was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 189 (4th Cir. 2004). "If the plaintiff makes such a showing, the defendant must respond with evidence that it acted on a legitimate, non-discriminatory basis." *Worden v. SunTrust Banks, Inc.*, 549 F.3d 334, 341 (4th Cir. 2008). "If the defendant does so, the plaintiff is then obligated to present evidence to prove that the defendant's articulated reasons were pretext for unlawful discrimination." *Id.* The parties agree that the issue here is whether Barnes has established pretext. "A plaintiff alleging a failure to promote can prove pretext by showing that he was better qualified, or by amassing circumstantial evidence that otherwise undermines the credibility of the employer's stated reasons." *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 259 (4th Cir. 2006).

We conclude that the district court correctly granted summary judgment on Barnes' failure-to-promote claim. While Barnes contends that he was more qualified

[*] The standards governing Barnes' Title VII and ADEA claims are similar. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141-42 (2000) (applying *McDonnell Douglas* standard, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to ADEA claim). However, under the ADEA, a plaintiff must establish "that age was the but-for cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009) (internal quotation marks omitted). Additionally, Maryland courts look to federal law interpreting Title VII in applying the FEPA. *Haas v. Lockheed Martin Corp.*, 914 A.2d 735, 742 (Md. 2007).

than Murphy, the person chosen for the position, "we assess relative job qualifications based on the criteria that the employer has established as relevant to the position in question." *Id.* Although Barnes had more experience in the Operations Department, Murphy served as an assistant to the Assistant Superintendent who oversaw the Operations Department. And, while Barnes may not consider Murphy's experience equivalent to his, Barnes "cannot establish pretext by relying on criteria of [his] choosing when the employer based its decision on other grounds." *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 271 (4th Cir. 2005). Moreover, relevant job experience was only one factor considered by CCPS. The three panel members who interviewed all eight candidates unanimously agreed that Murphy was the best of the candidates for the position, and they were impressed by her passion for the position and vision for the department.

Barnes also claims that CCPS's use of subjective criteria demonstrates pretext. While "the use of subjective criteria is relevant to a claim of racial discrimination, standing alone it does not prove a violation of . . . Title VII." *Mallory v. Booth Refrigeration Supply Co.*, 882 F.2d 908, 910 (4th Cir. 1989). Barnes criticizes the questions asked of the candidates, but the questions appeared standard in form and related to why he wants the position, what his plans would be for the position, how he would motivate his subordinates, and how he believes the department furthers the employer's mission. Moreover, even if Barnes were more qualified than Murphy, CCPS "could properly take into account . . . more subjective factors like [Murphy's] good interpersonal skills and [her] ability to lead a team." *Amirmokri v. Balt. Gas & Elec. Co.*, 60 F.3d

4

1126, 1130 (4th Cir. 1995). Additionally, the panel members asked all of the candidates the same questions, further negating any inference of pretext in the use of these criteria.

Finally, Barnes contends that the hiring process contained several irregularities. However, "[t]he mere fact that an employer failed to follow its own internal procedures does not necessarily suggest that the employer was motivated by illegal discriminatory intent." *Vaughan v. Metrahealth Cos.*, 145 F.3d 197, 203 (4th Cir. 1998) (emphasis omitted), *abrogated on other grounds by Reeves*, 530 U.S. at 146-47; *accord Johnson v. Weld Cty.*, 594 F.3d 1202, 1213 (10th Cir. 2010). Instead, "there must be some evidence that the irregularity directly and uniquely disadvantaged a minority employee." *Johnson*, 594 F.3d at 1213 (internal quotation marks omitted). At best, Barnes' evidence indicates that CCPS decided to hire Murphy prior to interviewing the candidates. Preselection in and of itself does not show an intent to discriminate. *See Anderson*, 406 F.3d at 271. Thus, we conclude that the district court correctly rejected this claim.

Turning to Barnes' retaliation claim, to establish a prima facie case of retaliation, a plaintiff is required to "show (1) that [he] engaged in protected activity; (2) that [his] employer took an adverse action against [him]; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs*, 780 F.3d at 578 (4th Cir. 2015) (alterations and internal quotation marks omitted). Barnes complains of several actions that Murphy took after she was selected for the position. In order to demonstrate that Murphy's actions were adverse, Barnes "must show that a reasonable employee would have found the challenged action[s] materially adverse, which in this context means [they] well might have dissuaded a reasonable worker from making or supporting

5

a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). An adverse action need not affect the terms and conditions of employment. *Id.* at 64. However, there must be "some direct or indirect impact on an individual's employment as opposed to harms immaterially related to it." *Adams v. Anne Arundel Cty. Pub. Schs.*, 789 F.3d 422, 431 (4th Cir. 2015).

We conclude that the district court correctly determined that most of the alleged retaliatory acts were not adverse. Moreover, the minor change in Barnes' job duties that occurred when Murphy assumed her position likewise fails to state an adverse action; Barnes offered no evidence that any reduction in duties reduced his professional standing. The "reassignment of job duties is not automatically actionable," and "should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *White*, 548 U.S. at 71 (internal quotation marks omitted). Here, the record suggests that a reasonable person would view Murphy's conduct as making some changes to a department's organization as a new supervisor.

We agree with the district court that Barnes' receipt of a letter of warning did amount to an adverse action because Murphy warned Barnes that future disciplinary actions could result in further discipline, including termination. *See Billings v. Town of Grafton*, 515 F.3d 39, 54-55 (1st Cir. 2008) (concluding written reprimand amounted to adverse action when reprimand included a threat of future discipline). However, like the district court, we conclude that Barnes has failed to produce evidence that Murphy issued him the warning because of his protected activity. Murphy issued the warning after receiving two reports from a principal about Barnes' poor work performance and attitude.

6

Barnes presented no evidence to indicate that the principal was aware of Barnes' protected activity. An employee is not insulated from discipline simply because he engaged in protected activity. *Glover v. S.C. Law Enf't Div.*, 170 F.3d 411, 414 (4th Cir. 1999). Moreover, Murphy issued Barnes the letter of warning more than one year after Barnes complained about discrimination. *See Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998) ("A thirteen month interval between the charge and termination is too long to establish causation absent other evidence of retaliation."). While Barnes contends that Murphy engaged in a pattern of retaliatory conduct, Barnes failed to introduce any evidence that Murphy took her actions because of his protected activity rather than genuine concerns about his work performance and poor attitude. *See Hawkins*, 203 F.3d at 281 (holding that "showing of a difference of opinion, coupled with [plaintiff's] conclusory allegations of racism, cannot reasonably support the conclusion that [plaintiff's] discharge was motivated by racial animus").

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*