**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-2268**

_____

CURTIS LAWRENCE, individually and as owner of Skyward Transportation, LLC; SKYWARD TRANSPORTATION, LLC,

        Plaintiffs - Appellants,

    v.

DAP PRODUCTS, INC.,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Albert David Copperthite, Magistrate Judge.  (1:22-cv-00651-ADC)

_____

Submitted:  March 4, 2025                        Decided:  April 14, 2025

_____

Before WILKINSON and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:** John O. Pieksen Jr., BAGNERIS, PIEKSEN & ASSOCIATES, LLC, New Orleans, Louisiana, for Appellant.  Stephanie K. Baron, Brianna D. Gaddy, Baltimore, Maryland, Bradford Bernstein, MILES & STOCKBRIDGE PC, Rockville, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

*PER CURIAM*:

Skyward Transportation, LLC and Curtis Lawrence, individually and as owner of Skyward (together "Skyward"), appeal the magistrate judge's orders granting summary judgment in favor of DAP Products, Inc., on Skyward's 42 U.S.C. § 1981 and breach of contract claims and denying Skyward's motion to withdraw or amend admissions under Fed. R. Civ. P. Rule 36. These claims arose when DAP terminated a contract between Skyward and DAP. Skyward alleged the termination was motivated by racial animus and in retaliation for reporting racial discrimination. For the following reasons, we affirm in part, vacate in part, and remand.

With respect to Skyward's admissions, it failed to respond to DAP's request for admissions. DAP then filed a motion for summary judgment, and one month later, Skyward filed a motion to withdraw or amend its objections and answers in response to DAP's request for admissions. The magistrate judge denied Skyward's motion to withdraw the admissions, finding that Skyward was properly served with the requests, failed to file any motions to extend the deadline for a response, and had not been diligent in responding to discovery or in seeking to withdraw the admissions after DAP moved for summary judgment.

Pursuant to Fed. R. Civ. P. 36(a), a party may serve a written request for admissions on another party, and "[a] matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ." Moreover, a matter admitted "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P.

2

36(b). A "court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). District courts enjoy considerable discretion over the withdrawal of admissions, and we review a denial of such a request for abuse of discretion. *See Banos v. Chicago*, 398 F.3d 889, 892 (7th Cir. 2005). Here, the magistrate judge considered the Rule 36(b) factors and reasonably determined that they did not favor granting Skyward's motion. We conclude that the magistrate judge did not abuse its discretion.

With respect to the magistrate judge's order granting summary judgment to DAP, we review de novo a grant of summary judgment, viewing "the facts in the light most favorable to" the nonmoving party and "drawing all reasonable inferences in [its] favor." *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Moreover "[w]hen a party fails to establish the existence of an element essential to that party's case, there is no genuine issue of material fact." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019).

To demonstrate a prima facie claim of discrimination, a plaintiff must demonstrate that it is a member of a protected class, its performance met the defendant's legitimate expectations, the defendant terminated the contract, and the defendant contracted with a company outside of the protected class. A "plaintiff can prove retaliation under . . . § 1981 if he shows that (1) he engaged in protected activity, (2) he suffered an adverse employment

3

action at the hands of [the defendant,] and (3) [the defendant] took the adverse action because of the protected activity." *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 543 (4th Cir. 2003). If the plaintiff meets this standard, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the termination. *Bryant*, 333 F.3d at 544. If the defendant does so, the plaintiff then has the burden to demonstrate that the stated reason was merely a pretext for discrimination or retaliation. *Bryant*, 333 F.3d at 544.

Moreover, "[t]o prevail [on a 42 U.S.C. § 1981 claim], a plaintiff must initially plead and ultimately prove that, but for race, [it] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020). "A cause need not work in isolation to be a but-for cause"; rather, the plaintiff only bears the burden of showing "that the protected activity was a but-for cause of [the contract] termination, not that it was the sole cause." *Strata Solar, LLC v. Fall Line Construction, LLC Arch Insurance Company*, 683 F.Supp.3d 503 (E.D. Va., 2023) (quoting *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216-18 (4th Cir. 2016)).

Here, the magistrate judge found that Skyward failed to make out a prima facie case of discrimination because Skyward failed to demonstrate that it was meeting DAP's legitimate expectations. We agree. DAP demonstrated multiple safety incidents involving Skyward employees. Moreover, Skyward relies on the alleged racial bias of one of DAP's employees. However, that employee was not the decisionmaker responsible for hiring or firing Skyward. *See Hill v. Lockheed Martin Logistics Mgmt., Inc.* 354 F.3d 277, 291 (4th

4

Cir. 2004) (noting bias of employee cannot be imputed to employer unless that employee was responsible for the decision to terminate plaintiff's employment).

The magistrate judge also found that Skyward failed to demonstrate that DAP terminated the contract in retaliation for Skyward employees' protected activity. "To prove a causal connection [for retaliation, the Skyward had] to show that [DAP terminated the contract] because [Skyward employees] engaged in a protected activity." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007). Here, one of the protected activities took place 11 months before DAP terminated the contract, and eight months before the decision-maker made the decision to terminate the contract. This eight-month delay is insufficient to create an inference of causation. *See Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998) (noting that four-month delay between protected action and termination not sufficient to justify inference of causation). Moreover, there was no other evidence in the record to support a finding that the protected activity was a but-for cause of DAP's termination of the contract. *See id.* In addition, the second protected activity occurred just before DAP terminated the contract, and therefore occurred three months after DAP decided to terminate the contract. Therefore, Skyward failed to demonstrate that DAP terminated the contract based on these activities.

With respect to the breach of contract claims, Skyward argues that DAP breached the contract by immediately terminating the contract rather than giving 30 days' notice to cure the alleged safety issues, and by not providing notice of the termination by certified mail. The magistrate judge found that DAP did not breach the termination provision of the

5

contract and that, while DAP failed to comply with the contract's requirement that notice be provided by certified mail, Skyward waived compliance with this provision.

Maryland courts adhere to the objective theory of contract interpretation. *See Credible Behav. Health, Inc. v. Johnson*, 220 A.3d 303, 310 (Md. 2019); *Myers v. Kayhoe*, 892 A.2d 520, 526 (Md. 2006). "Under this approach, the primary goal of contract interpretation is to ascertain the intent of the parties," and "what a reasonable person in the position of the parties would have understood the language to mean and not the subjective intent of the parties at the time of formation." *Johnson*, 220 A.3d at 310 (internal quotation marks omitted).

We agree with the magistrate judge that DAP did not breach the contract's termination provision. The contract provided that either party could immediately terminate the agreement based on the other party's failure to perform any condition of the contract, including with respect to safety performance. Thereafter, the terminating party—DAP—could either provide notice and an opportunity to cure, or the other party—Skyward—could remit invoices to DAP that DAP would have 30 days to pay. Therefore, DAP's notice of immediate termination of the contract based on the safety violations was not a breach of the contract.

However, the contract provided that all notices had to be provided by certified mail. The contract further provided that neither party could waive contract provisions by express or implied waiver. We have found that, "[l]ike other contract provisions, the requirement of written notice may be waived," including by implied waiver, where "the acts or conduct of one party evidences an intention to relieve the other party of his duty to

6

strictly comply with the contract terms." *Little Beaver Enters. v. Humphreys Rys., Inc.*, 719 F.2d 75, 79 (4th Cir. 1983). Under Maryland law, "[t]o demonstrate the existence of an implied waiver, there must be evidence that the actions of the purportedly waiving party were 'inconsistent with an intention to insist upon enforcing' the provisions of a contract." *Woznicki v. GEICO Gen. Ins. Co.*, 90 A.3d 498, 506 (Md. Ct. Spec. App. 2014) (quoting *Hovnanian Land Grp., LLC v. Annapolis Town Centre at Parole, LLC*, 25 A.3d 967, 983 (Md. 2011)). Maryland law disfavors non-waiver clauses, but Maryland courts have stated that generally, the issue of whether a party has waived a contract provision "must be considered by the trier of fact. The party alleging waiver must show an intent to waive both the contract provision at issue and the non-waiver clause." *Hovnanian Land Inv. Grp.*, 25 A.3d at 984. Thus, "it is an uncommon case in which the issue [of waiver] can be resolved by summary judgment." *Id.*

Skyward's compliance with the termination letter's order to vacate DAP property may evidence an intention to relieve DAP of its duty to strictly comply with the contract provision requiring notice sent by certified mail. *See Humphreys Rys., Inc.*, 719 F.2d, at 79. However, DAP also needed to show that Skyward waived the contract's prohibition against waivers. Construing the facts most favorably to Skyward as the non-moving party, it is unclear at this stage of the litigation whether Skyward waived both the non-waiver clause and the notice by certified mail provision when it vacated DAP property after receiving the termination letter.

Accordingly, we affirm the magistrate judge's order denying the motion to withdraw or amend its admissions. We also affirm the magistrate judge's order granting

7

summary judgment insofar as it granted summary judgment to DAP on Skyward's § 1981 claims and breach of contract claim based on the allegation that DAP breached the agreement by not providing Skyward the opportunity to cure. We vacate the order with respect to the grant of summary judgment on the claim that DAP breached the contract by not providing notice of the termination by certified mail, and we remand for further proceedings concerning this breach of contract claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*