**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM M. JOHNSON,
Plaintiff-Appellant,

v.

No. 99-2614

RICHARD J. DANZIG, Secretary,
Department of the Navy,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-99-792-CCB)

Submitted: April 10, 2000

Decided: April 24, 2000

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rickey Nelson Jones, LAW OFFICES OF RICKEY NELSON
JONES, Columbia, Maryland, for Appellant. Lynne A. Battaglia,
United States Attorney, Nadira Clarke, Assistant United States Attor-
ney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

William M. Johnson appeals the district court's order granting summary judgment to his former employer and dismissing his employment discrimination action. We affirm.

Johnson was employed as a social worker for the Department of the Navy beginning in 1991. On July 14, 1992, Johnson filed a formal EEO complaint against his employer, alleging racial discrimination. The parties settled the claim in November of 1994.

In 1995, Johnson received a letter of reprimand for his failure to answer the office pager. In October of 1995, Johnson's supervisor verbally admonished Johnson for failing to properly document his visits with patients, and a formal letter of admonishment followed in July of 1996. Also in 1996, Johnson's supervisor denied Johnson's request to attend a training convention and partially denied Johnson's request for two weeks of vacation. Johnson filed suit, alleging that all of these actions were discriminatory and in retaliation for his first EEO complaint. The district court entered summary judgment for the Navy, finding that the reprimands and denial of training did not con- stitute adverse employment decisions, the denial of leave was sup- ported by a legitimate and non-discriminatory reason, and the allegations were insufficient to support a hostile environment claim.

Johnson argues that the district court erred in finding that the letter of reprimand, letter of admonishment and denial of training did not constitute adverse employment actions sufficient to establish a prima facie case of retaliation. A prima facie case of retaliation requires a showing that: (1) the employee engaged in protected activity; (2) the employer took adverse employment action against the employee; and (3) a causal connection existed between the protected activity and the adverse employment action. See Causey v. Balog , 162 F.3d 795, 803

2

(4th Cir. 1998). Adverse employment actions include decisions such as hiring, firing, granting leave, promoting, and compensating. See id. Johnson offers no evidence that he was denied a promotion, bonus or any other similar employment opportunity as a result of the reprimands or denial of training.

Johnson further argues that the alleged incidents, taken together, constitute a constructive discharge, which is an adverse employment action. "A constructive discharge occurs when an employer creates intolerable working conditions in a deliberate effort to force the employee to resign." Carter v. Ball, 33 F.3d 450, 459 (4th Cir. 1994). Whether such conditions are intolerable is assessed by an objective "reasonable person" standard. See Munday v. Waste Management of N. Am. Inc., 126 F.3d 239, 244 (4th Cir. 1997), cert. denied, 522 U.S. 1116 (1998). The actions of Johnson's employer over a period of twenty months did not, objectively, create sufficiently intolerable working conditions to force a reasonable person to resign.

We also find that Johnson fails to demonstrate a causal connection between his previous EEO complaint and his employer's decisions to reprimand him, deny training and deny requested leave. "A lengthy time lapse between the protected activity and the alleged adverse employment action . . . negates any inference that a causal connection exists between the two." Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998). Furthermore, Johnson's employer advances legitimate, non-discriminatory reasons for its actions, and Johnson fails to demonstrate that those reasons are pretextual and that the decisions were based on an impermissible factor. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274-75 (4th Cir. 1995).

Johnson's claims of racial discrimination fail for the same reasons, specifically that the letters of reprimand and admonishment and the denial of training are not actionable adverse employment actions, and that Johnson fails to show that his employer's legitimate, non-discriminatory reasons for these actions and the denial of leave are merely pretextual.

Finally, the district court properly dismissed Johnson's hostile environment claim. A plaintiff establishes a hostile work environment

3

by showing that: (1) he suffered unwelcome harassment; (2) the harassment was based on an impermissible factor; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. See Causey, 939 F.2d at 160. Although Johnson produced evidence that the stress of his job caused his health to suffer, Johnson alleges only four incidents of discrimination over a twenty-month period. These allegations are insufficient to establish a hostile environment because the incidents were neither severe nor pervasive.

We find no reversible error and affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED