UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

WILLIAM C. BUTLER, JR.,
            *Plaintiff-Appellant,*

v.

BERKELEY COUNTY SCHOOL DISTRICT;
JAMES HYMAN, Doctor; WILLIS
SANDERS; KEITH KREMER; RITA
MANTOOTH; JAMES HINSON; BARBARA
LANGSTON; CATHY KREMER; MS.
NEWMAN,

            *Defendants-Appellees.*

No. 00-1573

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Senior District Judge.
(CA-98-369-2-11)

Submitted: October 10, 2000

Decided: November 17, 2000

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Hemphill P. Pride II, LAW OFFICE OF HEMPHILL P. PRIDE II, Columbia, South Carolina, for Appellant. Kenneth L. Childs, Allen D. Smith, CHILDS & HALLIGAN, P.A., Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

William C. Butler appeals the district court's order granting summary judgment in Defendants' favor on his claims of employment discrimination on the basis of race, gender, and age. We have reviewed the parties' briefs, the joint appendix, the supplemental joint appendix, and the district court's opinion accepting the recommendation of the magistrate judge. Finding no reversible error, we affirm.

We agree with the district court that Butler failed to forecast evidence sufficient to establish a prima facie case of age discrimination because he did not meet his employer's legitimate job expectations. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996) (discussing elements of prima facie case); *Causey v. Balog*, 162 F.3d 795, 802 & n.3 (4th Cir. 1998). Although Butler contends that the district court made an improper credibility determination on summary judgment, we disagree. Taking the evidence in the light most favorable to Butler, he cannot, as a matter of law, establish a prima facie case of age discrimination. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1996) (explaining that existence of genuine issue of material fact turns on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). Finally, we find that the district court properly barred Butler's claims of racial and gender discrimination based on Butler's execution of the settlement agreement.

Accordingly, we affirm on the reasoning of the district court. *See Butler v. Berkeley County Sch. Dist.*, No. CA-98-369-2-11 (D.S.C. Mar. 29, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*