UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CATHY B. BRANCH,
                    *Plaintiff-Appellant,*

            v.

CITY OF RICHMOND; S. MARK
STRICKLER, individually, and
officially acting director,
Department of Community
Development for the City of
Richmond; CLAUDE G. COOPER,
individually, and officially building
commissioner, Department of
Community Development Bureau of
Permits & Inspections for the City
of Richmond; DYETT B. ELLIS,
individually, and officially, code
official, Department of Community
Development, Section of Housing
Code Enforcement for the City of
Richmond; CHESTER BRAZZELL,
individually, and officially, Director,
Department of Human
Resources/Employee Relations
Services for the City of Richmond,
                    *Defendants-Appellees.*

No. 00-2565

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-99-508)

Submitted: March 6, 2001

Decided: March 26, 2001

Before NIEMEYER and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Cathy B. Branch, Appellant Pro Se. Beverly Agee Burton, Assistant City Attorney, Keith Allen May, CITY ATTORNEY'S OFFICE, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Cathy B. Branch appeals the district court's grant of summary judgment to the Defendants in her claims of retaliation under Title VII, the Age Discrimination in Employment Act ("ADEA"), the Family Medical Leave Act ("FMLA"), 42 U.S.C.A. § 1983, and the First Amendment. We have reviewed the record and the district court's opinion de novo and finding no reversible error, we affirm. *See Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988).

Cathy B. Branch is an African-American woman who is now forty-nine years of age. She began her employ with the City of Richmond ("City") as a Customer Account Representative. Branch filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") after being rejected for a position as a housing inspector. Branch claims she was mistreated by the City in retaliation for

filing this claim. Branch was suspended multiple times and eventually terminated.

The record is replete with examples of Branch's problematic conduct as an employee. It is apparent from the record that the City terminated Branch's employment because of her insubordination and poor work performance, not in retaliation for her multiple grievances. We therefore affirm the district court's order granting summary judgment to the City on that basis. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 754 (4th Cir. 1996); *see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993) (analyzing claims under Title VII and § 1983); *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998) (analyzing claims under the FMLA); *Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1991) (analyzing claims under the ADEA).

Branch also claims she was retaliated against for exercising her right of free speech under the First Amendment in alerting officials to "misconduct and waste" by the City government. In assessing whether particular speech is protected by the First Amendment, we consider: (1) whether a public employee's speech qualifies as a matter of public concern; and (2) what effect the speech has on the efficiency, discipline and proper administration of the workplace. *Holland v. Rimmer*, 25 F.3d 1251, 1254 (4th Cir. 1994) (*quoting Dwyer v. Smith*, 867 F.2d 184, 193 (4th Cir. 1989)); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000). Branch's complaints, however, center around her supervisor's requests that she undertake tasks she personally found objectionable. As such, her complaints are of limited public interest. In addition, by all accounts, her complaints disrupted the workplace. We therefore conclude Branch's speech was not protected under the First Amendment and affirm the district court's order granting summary judgment to the City as to Branch's first amendment claims for that reason. We deny Branch's motion for production of documents. We affirm the district court's grant of summary judgment to the Defendants as to Branch's remaining claims based on the reasoning of the district court. *See Branch v. City of Richmond*, No. CA-99-508 (E.D. Va. Nov. 16, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*