Marvin MARTIN

v.

MONTGOMERY COUNTY PUBLIC SCHOOLS

No. CIV. JFM–00–2758.

United States District Court, D. Maryland.

Oct. 10, 2002.

Sherrie T. Howell–Young, Sherrie T. Howell, Attorney at Law, Baltimore, MD, for Plaintiff.

Marvin Todd Martin, Baltimore, MD, Pro se.

Joann Robertson, Charles W. Thompson, Jr., Heather Ann Mulloy, Office of the County Attorney for Montgomery County MD, Rockville, MD, for Defendant.

## MEMORANDUM

MOTZ, District Judge.

Plaintiff has brought this *pro se* action against Montgomery County Public Schools (MCPS) under Title VII and 42 U.S.C. § 1981. He asserts that his probationary contract as a teacher was not renewed because of racial discrimination, that he was subjected to a racially hostile environment, and that he was subjected to retaliation for having filed a charge of discrimination. MCPS has filed a motion for summary judgment. After being advised of the consequences of a failure to do so, plaintiff has failed to respond to the motion.

■ MCPS's motion will be granted. Plaintiff was hired as a probationary teacher by MCPS on August 26, 1999. His contract was not renewed for the following year. The record is abundantly clear that plaintiff did not perform satisfactorily as a teacher. Students frequently complained about him and sought to withdraw from the classes he taught. He was frequently late to, or away from, his classroom during class periods. He did not grade tests in a timely manner and did not give satisfactory explanations to the students for the grades he gave.

On his first formal performance evaluation, on the ten performance evaluation criteria, plaintiff received six "effective" ratings and four "needs improvement" ratings. These ratings were of concern, and plaintiff was encouraged by the director of MCPS's performance evaluation department to work with his principal and other school personnel to resolve the problems reflected in the four "needs improvement" ratings. Students continued to complain about plaintiff's performance. On his second semester performance evaluation, plaintiff scored "a not effective" (the lowest rating) in five areas and "effective" in five areas. Personnel at MCPS continued to try to work with plaintiff to resolve his performance problems but students continued to complain. On April 11, 2002, the Superintendent of Schools issued a letter to plaintiff, recommending to the Board of Education that his probationary contract not be renewed.

On deposition plaintiff, who is African American, has offered nothing more than his own subjective opinions that the performance evaluations given to him were unfair. Such subjective opinions are insuf-

ficient to either that his job performance was satisfactory—the second factor of the *McDonnell Douglas* test for establishing a *prima facie* case. Likewise, plaintiff has presented no objective evidence that a similarly situated white person, i.e., one having substantial performance difficulties, was treated any differently than he, as required by the fourth element of the *McDonnell Douglas* test for establishing a *prima facie* case. Further, assuming that plaintiff has made out a *prima facie* case, he has not demonstrated (as he would be required to do under the remaining portion of the *McDonnell Douglas* protocol), that the legitimate, nondiscriminatory reason articulated by MCPS for not renewing his contract—his unsatisfactory performance—was pretextual.

As for plaintiff's hostile environment claim, he has come forward with no evidence (as he is required to do in order to withstand a summary judgment motion) that he was subjected to any harassment and certainly not harassment "sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere." *Causey v. Balog,* 162 F.3d 795, 801 (4th Cir.1998). His retaliation claim similarly fails. The record is clear that plaintiff received poor performance evaluations before filing a charge of discrimination. Moreover, as I have previously indicated, he has come forward with no evidence to show that the reason articulated by MCPS for not renewing his contract—his unsatisfactory performance— was pretextual. Therefore, he cannot establish any causation between his filing of the charge of discrimination and the adverse action of which he complains. *See generally Williams v. Cerberonics, Inc.,* 871 F.2d 452, 457 (4th Cir.1989).

A separate order granting defendant's motion is being entered herewith.

ORDER

For the reasons stated in the accompanying memorandum, it is, this 10th day of October 2002

ORDERED

1. Defendant's motion for summary judgment is granted; and

2. Judgment is entered in favor of defendant against plaintiff.