UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2545

CHARLES OWUSU KWARTENG,

Plaintiff - Appellant,

versus

MORGAN STATE UNIVERSITY; CECIL W. PAYTON, in
his personal as well as official capacity as
Executive Assistant to the President; CLARA
ADAMS, in her personal as well as her official
capacity as Vice President for Academic
Affairs; BURNEY J. HOLLIS, in his personal as
well as official capacity as Dean of College
of Liberal Arts; META K. TOWNSEND, in her
personal as well as official capacity as
Chairperson,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, Senior District
Judge.  (CA-03-515-1-WMN)

Submitted:  March 9, 2005          Decided:  March 31, 2005

Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles Owusu Kwarteng, Appellant Pro Se.  Sally Lotz Swann,
Assistant General Counsel, Baltimore, Maryland, Mark Jason Davis,
Assistant Attorney General, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Owusu Kwarteng ("Kwarteng") appeals the district court's order summarily dismissing his claims for: (1) violations of Maryland's national origin, gender and wage discrimination laws; (2) violations of the federal Equal Pay Act; (3) hostile workplace under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 (2000);[1] (4) due process violations; (5) equal protection violations; (6) First Amendment violations; and, (7) invasion of privacy, in addition to the district court's dismissal of certain motions. We have reviewed the record and find no reversible error. Accordingly, we affirm.

To establish a claim of a hostile work environment, Kwarteng must show: (1) the harassment was unwelcome; (2) he was harassed because of a protected reason (here, national origin); (3) the harassment was sufficiently pervasive to alter his terms and conditions of employment and created an abusive working environment; and (4) some basis exists for imposing liability on the employer. Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998) (regarding racial harassment); Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 772 (4th Cir. 1997) (regarding sexual harassment). In order to find the third element, the court must consider the

---

[1] In his informal brief, Kwarteng asserts that the district court failed to discuss his Title VII claims based on national origin and retaliation. In its November 16, 2003 memorandum, the district court rejected these claims as time-barred pursuant to 42 U.S.C. § 2000e-5(e) (2000).

"frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993). We find that Kwarteng fails to provide factual evidence in support of this claim. We likewise conclude that Kwarteng failed to adequately support his allegations of constitutional deprivations, or his claims based on state law.[2]

Kwarteng also challenges the district court's grant of qualified immunity to the individual Defendants. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citations omitted). Although Kwarteng asserts that the district court erred when it "assumed" that Defendants' disciplinary activities were discretionary functions, we do not agree that the district court misapplied the qualified immunity doctrine.

---

[2]The district court also properly determined that Kwarteng's state and federal claims of unequal pay were time-barred. See Md. Ann. Code art. 49B, § 9A(a) (1957) (stating that "[a] complaint must be filed within six months from the date of occurrence alleged to be a violation of this article"); 29 U.S.C. § 255(a) (2000) (stating that an action must be brought within two years of the alleged violation).

- 4 -

Finally, Kwarteng challenges the district court's dismissal of his motion for sanctions against the Defendants. Rule 11(d) of the Federal Rules of Civil Procedure expressly states that sanctions do not apply "to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37." Moreover, Kwarteng has made no showing that Defendants' affidavits contain statements, claims, or defenses that are frivolous or were presented for any improper purpose. <u>See</u> Fed. R. Civ. P. 11(b)(1)&(2). Thus, we find that the district court properly dismissed Kwarteng's motion.[3]

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[3]Kwarteng also challenges the district court's denial of his sur-reply. Such allegation is unclear, as the district court granted Kwarteng's motion to file a sur-reply on June 22, 2004, and denied Defendants' motion to strike Kwarteng's sur-reply in its November 16, 2004 memorandum. Moreover, Kwarteng has failed to provide any factual support for his allegations that the district court failed to consider all of the evidence.

- 5 -