

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2005

# Lyles v. Phila Gas Works

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2083

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lyles v. Phila Gas Works" (2005). *2005 Decisions.* Paper 416.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/416

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2083

WILHELMINA LYLES,

Appellant

v.

PHILA GAS WORKS

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(Civ. No. 04-cv-1561)
District Judge: Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit LAR 34.1(a)
October 10, 2005

BEFORE: ALITO, SMITH and COWEN, <u>CIRCUIT JUDGES</u>

(Filed October 13, 2005)
_____

OPINION
_____

PER CURIAM

Wilhelmina Lyles appeals pro se from the District Court's order granting summary

judgment to her former employer, Philadelphia Gas Works ("PGW"), in this employment

discrimination suit. Lyles began working for PGW in 1986 as a Junior Accounting Clerk and was promoted to the position of Senior Accounting Clerk in February of 2002.[1] Lyles alleges that Gwen MacMullen, her immediate supervisor, constantly harassed her by closely supervising her and criticizing her work. Lyles, who was approximately 50 years old at the time these events occurred, contends that she was singled out for this treatment based on her age. On November 20, 2002, Lyles was suspended for ten days without pay, following an incident involving herself, MacMullen, and Anne Breyer, the department director. PGW contends that Lyles was suspended for insubordination when she refused to retrieve documents from her work area for MacMullen's review and caused a disturbance by raising her voice and calling Breyer a liar. Lyles asserts that she was suspended because of her age.[2] The District Court granted PGW's motion for summary judgment. Lyles timely appealed.

We have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment *de novo*, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the

---

[1] As the parties are familiar with the facts, we recite them here only as necessary to our discussion.

[2] Lyles' complaint originally alleged the additional claims of discrimination on the basis of color and slander. In an order entered September 3, 2004, the District Court dismissed these claims. As Lyles does not refer to this order in her brief, it is outside our scope of review. See, e.g., MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1092-93 (3d Cir. 1995). We also note that Lyles has filed a separate suit alleging retaliatory termination. (E.D. Pa. Civ. No. 05-207).

motion.  <u>Pennsylvania Coal Ass'n v. Babbitt</u>, 63 F.3d 231, 235 (3d Cir. 1995).  Summary judgment is appropriately granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A party opposing summary judgment cannot rest upon the "mere allegations or denials of the adverse party's pleading" but must respond with affidavits or depositions setting forth "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

The Age Discrimination in Employment Act ("ADEA") prohibits employers from discriminating against individuals with respect to compensation, terms, conditions, or privileges of employment because of age.  29 U.S.C. § 623(a)(1).  We agree with the District Court that Lyles established a prima facie case under the ADEA, because she demonstrated that:  1) she is a member of the protected class, i.e., at least 40 years of age; 2) she is qualified for the position; 3) she suffered an adverse employment decision; and, 4) non-members of the protected class were treated more favorably.  <u>See</u> <u>Sempier v.</u> <u>Johnson & Higgins</u>, 45 F.3d 724, 728 (3d Cir. 1995).  After a plaintiff establishes a prima facie case, the burden of production shifts to the defendant to supply a legitimate non-discriminatory reason for the adverse employment decision.  <u>See</u> <u>id.</u>  PGW claims that it suspended Lyles for insubordination and supported this reason with an affidavit from Anne Breyer describing the incident, a copy of an email from Lyles to her union representative in which Lyles admitted that she did refuse to retrieve the documents, and excerpts from Lyles' deposition testimony stating the same.

3

To defeat a defendant's motion for summary judgment based on a legitimate non-discriminatory reason, a plaintiff must point to some evidence from which a factfinder could reasonably disbelieve the proffered reason or believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994). Lyles contends that insubordination was not a valid reason for her suspension and that her age was the real reason. According to Lyles, MacMullen often retrieved documents (including those at issue) from Lyles' work area without Lyles' assistance or permission. Lyles argues that, because MacMullen could have retrieved the documents herself, Lyles' refusal to retrieve them cannot reasonably be deemed "insubordination" and that PGW's "reason" is therefore pretextual. Clearly, Lyles believes that the suspension decision was unsubstantiated and unfair. However, even if we accept this perception as true for discussion purposes, it is insufficient to demonstrate pretext. The relevant question is not whether PGW was wrong or mistaken in its decision to suspend Lyles; it is whether Lyles' age was more likely than not the underlying reason for the suspension. See Fuentes at 765. We agree with the District Court that Lyles fails to present any evidence to support an affirmative answer to this question.

Lyles' pro se complaint also appears to assert a hostile work environment claim

4

based on allegations of ongoing harassment by MacMullen.[3]  Assuming that such a cause of action exists under the ADEA, Lyles must show that the harassment was unwelcome; that it was based on her age; that it was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive atmosphere; and that there is some basis for imposing liability on the employer.  See Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998).  See also Terry v. Ashcroft, 336 F.3d 128, 147-48 (2d Cir. 2003).  In her summary judgment response, Lyles described several confrontations between herself and MacMullen which she asserts constitute harassment.  However, nothing in Lyles' proffered evidence could lead a reasonable factfinder to believe that Lyles was treated differently because of her age.  Indeed, as the District Court noted, Lyles, herself, stated in her deposition that she "didn't know" if age was a factor motivating MacMullen's actions.  On appeal, PGW argues that MacMullen's close supervision was justified and appropriate in light of Lyles' unsatisfactory work and was not related in any way to her age.  After a careful review of the record, we agree with PGW that Lyles has failed to state a prima facie hostile work environment claim.

For the foregoing reasons, we will affirm the judgment of the District Court. Appellant's motion to reconsider the Clerk's order dated June 22, 2005 is denied.

---

[3]We have not formally recognized a cause of action for hostile work environment under the ADEA.  As the parties do not dispute that such a cause of action exists, we assume, without deciding, that it does for the purposes of this opinion.

5