**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2055

WILLIAM NATHAN,

Plaintiff - Appellant,

versus

RICHLAND COUNTY SCHOOL DISTRICT TWO,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Cameron McGowan Currie, District Judge.  (CA-02-2681-3)

Submitted:  May 10, 2006              Decided:  May 18, 2006

Before WILKINS, Chief Judge, and WILKINSON and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Herbert E. Buhl, III, Columbia, South Carolina, for Appellant. Kenneth L. Childs, Thomas K. Barlow, CHILDS & HALLIGAN, P.A., Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Plaintiff William Nathan appeals the district court's grant of summary judgment to his former employer, defendant Richland County School District 2, in his Title VII race discrimination suit. See 42 U.S.C. § 2000e et seq. (2000). For the reasons that follow, we affirm.

Plaintiff is an African American whom the district hired on a provisional basis in 1996 to work as an auto mechanics teacher in one of its high schools. The terms of his contract, South Carolina law, and the regulations of the South Carolina Board of Education required that within five years he pass the state's Education Entrance Examination, a prerequisite to obtaining a certificate that would allow him to continue teaching. Despite several attempts, plaintiff did not pass the exam, and the district terminated his employment in 2001 when his provisional teaching certificate expired.

Plaintiff subsequently filed this suit, in which he claims that he was the victim of disparate treatment and a hostile work environment. His first claim alleges that because of his race, district officials did not provide him with additional time and aid to pass the exam or transfer him to a satisfactory position that did not require a permanent teaching certificate. His second claim alleges that during his tenure, co-workers committed various acts of harassment, including making disparaging comments and excluding

2

plaintiff from professional and social opportunities. Following discovery, the district moved for summary judgment. In a comprehensive written report, the magistrate judge recommended that the motion be granted. The district court accepted this recommendation and entered judgment in favor of the district.

We agree that plaintiff has failed to present evidence that would permit a reasonable jury to find that he was the victim of illegal race discrimination, and we therefore affirm. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). With respect to plaintiff's disparate treatment claim, his attempt to make out a prima facie case under the framework specified in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), falls short because he has not shown that "he was treated worse than similarly situated employees of other races." Sterling v. Tenet, 416 F.3d 338, 345 (4th Cir. 2005). As the magistrate judge explained in detail, plaintiff has not presented sufficient evidence that there were any non-African Americans whose situations were materially similar to his and who were treated more favorably.

Plaintiff's hostile work environment claim likewise fails. Even if plaintiff was subject to unwelcome harassment, he has not presented sufficient evidence regarding the other elements necessary to prevail at trial. We concur in the magistrate judge's well-reasoned determination that plaintiff has not shown that "the harassment was based on his race," that it "was sufficiently severe

3

or pervasive to alter the conditions of employment and create an abusive atmosphere," or that "there is some basis for imposing liability on the employer" for its employees' actions. <u>Causey v. Balog</u>, 162 F.3d 795, 801 (4th Cir. 1998).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

<u>AFFIRMED</u>