Terry S. KING, Plaintiff,

v.

MARRIOTT INTERNATIONAL,
INC., Defendant.

C.A. No. 9:05–1774–PMD–RSC.

United States District Court,
D. South Carolina,
Beaufort Division.

June 19, 2007.

A. Christopher Potts, Hitchcock and Potts, Ray Pratt McClain, Ray McClain Law Firm, Charleston, SC, for Plaintiff.

Catherine McCabe Templeton, Ogletree Deakins Nash Smoak and Stewart, Charleston, SC, Michael Montgomery Shetterly, Ogletree Deakins Nash Smoak and Stewart, Greenville, SC, for Defendant.

## ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court on Defendant Marriott International, Inc.'s

("Defendant") Motion to Reconsider the court's Order of March 27, 2007, denying in part Defendant's Motion for Summary Judgment. For the following reasons, the court agrees that reconsideration of its Order is appropriate and dismisses Plaintiff's federal claim in its entirety. The only claims remaining before the court are Plaintiff's state law claims, which the court has recommitted to the Magistrate Judge with instructions to consider Defendant's Motion for Summary Judgment.[1]

## BACKGROUND

Plaintiff Terry S. King ("Plaintiff") filed a Complaint in the instant case on June 21, 2005, alleging retaliation under the Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C. § 621, et seq., as well as several state law causes of action. Defendant filed a Motion for Summary Judgment as to all claims on May 16, 2006. On February 27, 2007, United States Magistrate Judge Robert S. Carr submitted his Report and Recommendation ("R & R") in which he recommended

granting Defendant's Motion in its entirety and dismissing the case. Plaintiff filed timely Objections to the R & R on March 13, 2007.

On March 27, 2007, the court issued its Order substantially granting Defendant's Motion for Summary Judgment; however, the court denied Defendant's Motion to the extent Plaintiff's ADEA retaliation claim related to Defendant's failure to hire Plaintiff for the Regional Director of Engineering ("RDE") position for the South Central Region.[2] The court found that Plaintiff had established a prima facie case of retaliation and that Plaintiff had presented evidence that Defendant's stated non-retaliatory reasons for this adverse action were pretextual.[3]

■ Defendant now asks the court to reconsider this portion of its Order. Defendant asserts that the court committed clear error in finding that Plaintiff presented evidence in support of a prima facie case of retaliation regarding the failure to hire Plaintiff for the RDE position for the

1. The state law claims were originally and properly brought under 28 U.S.C. § 1332, which provides mandatory jurisdiction over state law causes of action in diversity cases when the amount in controversy exceeds $75,000. Accordingly, this federal court has mandatory jurisdiction over Plaintiff's state law claims.

2. The court also denied Defendant's Motion as it related to the state law causes of action and recommitted these claims to the Magistrate Judge for further consideration. Defendant does not ask the court to reconsider this aspect of the Order.

3. As the court explained more fully in its Order, to resist summary judgment on an ADEA retaliation claim, a plaintiff must bear the burden of showing, by a preponderance of the evidence, a *McDonnell Douglas* prima facie case of retaliation. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In order to do so, he

must show (1) that he engaged in a protected activity, such as filing an EEO claim, (2) that he suffered a materially adverse action, that is, an action which well might have "dissuaded a reasonable worker from making or supporting a charge of discrimination," and (3) that there is a causal connection between the protected activity and the materially adverse action. *Id.; Causey v. Balog*, 162 F.3d 795, 803 (4th Cir.1998). Once the plaintiff establishes a prima facie case, the burden shifts to the defendant employer to rebut the presumption of retaliation by articulating non-retaliatory reasons for its actions. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If the employer meets its burden of production, the presumption of retaliation drops from the case, and the plaintiff bears the ultimate burden of proving that the employer's stated reasons for the adverse action were a pretext for retaliation. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

South Central Region. Plaintiff has responded to Defendant's Motion.

## ANALYSIS

 Reconsideration of a judgment is an extraordinary remedy which should be used sparingly. *Pacific Ins. Co. v. American Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998). A Rule 59(e) motion to alter or amend a judgment may be granted for three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or a manifest injustice. *Id.* In the case *sub judice,* there has been no intervening change in controlling law, nor is there any new evidence presented. Thus, if relief is available, it must be to correct a clear error of law or to prevent a manifest injustice.

Defendant argues that the court must reconsider its Order in order to correct a clear error of law. The portion of the Order to which Defendant objects is as follows:

> Lenny Jachimowicz, one of the five decisionmakers for the RDE position for the South Central Region, admitted to being aware of Plaintiff's EEOC charge.

> \* \* \* \*

> The court finds [that d]irect evidence that all decisionmakers on a panel responsible for an adverse action were aware of the protected activity is not required to establish a causal connection necessary for a prima facie case of retaliation. *See Ford v. Gen. Elect. Lighting, LLC,* 121 Fed.Appx. 1, 7, 2005 WL 32825, *5 (4th Cir.2005) (even without direct evidence of decisionmaker's knowledge of actual complaint, causal connection was established where supervisor knew of plaintiff's earlier informal complaints and adverse action occurred

shortly after plaintiff made formal complaint). Viewing the evidence in the light most favorable to Plaintiff, a reasonable factfinder could find that ... Jachimowicz's knowledge of the protected activity illegally influenced the decisionmaking process in the hiring of RDE for ... the South Central Region.... Under the standard appropriate for the prima facie case, direct evidence that one person on the panel of decisionmakers responsible for the adverse action knew Plaintiff had filed an EEOC charge is sufficient to show the employer's knowledge of the protected activity.

> \* \* \* \*

> ***Though it is a very close question, the court concludes that King has established a prima facie case of discrimination because a reasonable trier of fact could conclude that ... Jachimowicz ... knew of the protected activity and, at the first available opportunity, declined to hire King.*** "While this proof far from conclusively establishes the requisite causal connection, it certainly satisfies the less onerous burden of making a prima facie case of causality." *Williams,* 871 F.2d at 457 (holding that causal connection exists for purposes of stating a prima facie case where employee was fired after her employer became aware of protected activity).

*King v. Marriott Int'l, Inc.,* 2007 WL 951738 (D.S.C.2007) (emphasis added).

Defendant asserts the court's conclusion that Plaintiff established a causal connection between his EEOC charge and the failure to hire him for this RDE position is in error. Defendant claims the undisputed evidence in the record indicates that before Jachimowicz ever had any input into the selection of the RDE for the South

Central Region, two of the five decision makers-Joel Loeb and V.K. Murphy-had already eliminated Plaintiff from consideration for the position. As such, Jachimowicz's knowledge of Plaintiff's EEOC charge could not have influenced the decisionmaking process. In support of this contention, Defendant cites the affidavit of Joel Loeb and the deposition testimony of Jachimowicz. In his affidavit, Joel Loeb states that he was not aware of King's EEOC charge and that he and V.K. Murphy did not "speak with Bob Jones, Lenny Jachimowicz, or Vicki Stille in connection with our decision not to hire Mr. King." (Loeb Affidavit.) In his deposition, Jachimowicz admits to having knowledge of Plaintiff's EEOC charge, but states that he was not involved in the decision to not hire Plaintiff. (Jachimowicz Depo. at 90–96.) He testifies that his only involvement in the decisionmaking process for the RDE position was to interview via phone the final two candidates for the position, neither of whom was Plaintiff. (*Id.* at 93–94.) Plaintiff presents no evidence that Jachimowicz had any role whatsoever in the decision to exclude King from consideration for the position; therefore, Defendant asserts that the court committed clear error in finding that Plaintiff had established a causal connection between Jachimowicz's knowledge and the decision to not hire Plaintiff.

In his Response to Defendant's motion, Plaintiff does not deny that Jachimowicz was not directly involved in the decision to not hire Plaintiff for the RDE position; rather, Plaintiff argues that because Jachimowicz had "ultimate hiring authority on that position," the causal connection between the decision to not hire Plaintiff and the knowledge of the protected activity should be inferred. The court is not convinced, however, that such an inference is warranted. The uncontradicted evidence shows that no one with knowledge of Plaintiff's EEOC charge was involved in the decision to not hire Plaintiff. Therefore, because he was not involved in the decision to not hire Plaintiff, the court agrees that the decision could not have been tainted by Jachimowicz's knowledge, even though Jachimowicz had "ultimate hiring authority."

 Plaintiff also argues that because Loeb's stated reasons for not advancing Plaintiff in the hiring process were pretextual,[4] the court may "certainly infer he, as well as others, had notice of King's EEOC charge." (Response at 3.) Again, the court does not agree that this inference may be made upon this evidence. In considering a prima facie case, the court only considers whether Plaintiff has presented evidence from which a factfinder could conclude that a causal connection exists between an adverse employment action and a plaintiff's protected activity. The court only considers evidence of pretext once a plaintiff has established a prima facie case of retaliation. Regardless of Loeb's stated reasons for denying Plaintiff the position, no evidence suggests that Loeb or any other relevant decisionmaker had knowledge of Plaintiff's protected activity. Because Plaintiff has not established a causal connection between his protected activity and the adverse employment action, Plaintiff has not established a prima facie case of retaliation. As such, Plaintiff's claim fails and the court need not decide whether the stated reasons for the failure to hire Plaintiff were pretextual.

In its Order, the court erred in finding that Jachimowicz's knowledge of the charge coupled with his role as a decision

---

**4.** Specifically, Loeb asserts in his affidavit that he did not hire Plaintiff because Plaintiff posted for the position late; however, this explanation is unsupported by the evidence, which indicates that Plaintiff posted for the position on the day it became available.

maker was sufficient to establish a prima facie case of retaliation. The evidence, considered in the light most favorable to Plaintiff, shows that Jachimowicz's only role in the decisionmaking process was to grant the final approval or veto of the final two candidates, neither of whom was Plaintiff. Based on this evidence, no reasonable factfinder could conclude that Jachimowicz's knowledge of Plaintiff's protected activity illegally influenced the decisionmaking process in the hiring of RDE for the South Central Region. Accordingly, the court amends its Order pursuant to Rule 59(e) and grants summary judgment in favor of Defendant on Plaintiff's ADEA retaliation claim in its entirety.

### CONCLUSION

For the foregoing reasons, the court amends its Order of March 27, 2007 as follows:

Regarding Plaintiff's ADEA retaliation claim, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED.** The court reaffirms its previous **ORDER** that this matter be **RECOMMITTED** to the Magistrate Judge with instructions to consider Defendant's Motion for Summary Judgment as it relates to Plaintiff's state law claims.

**AND IT IS SO ORDERED.**