**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-6096**

_____

WAYNE LEO SAVOY,

             Plaintiff - Appellant,

       v.

WARDEN FRANK B. BISHOP; JEFF NINES; LIEUTENANT J. MCFARLAND;
SERGEANT JOHN SHAVER; COII B. MCKENZIE,

             Defendants - Appellees.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.
George L. Russell, III, District Judge.  (1:14-cv-01853-GLR)

_____

Submitted:  August 1, 2017                              Decided:  August 28, 2017

_____

Before SHEDD, THACKER, and HARRIS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Chad I. Golder, Sarah G. Boyce, MUNGER, TOLLES & OLSON LLP, Washington,
D.C., for Appellant.  Brian E. Frosh, Attorney General, Stephanie Lane-Weber, Assistant
Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND,
Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wayne Savoy ("Appellant"), a wheelchair-bound inmate at the Western Correctional Institution in Cumberland, Maryland, brought suit against a variety of prison officials ("Appellees"). He claimed Appellees retaliated against him for filing prison grievances alleging violations of 42 U.S.C. § 1983, and Appellees placed a microwave in the recreation area too high above the floor in violation of the Americans with Disabilities Act ("ADA"). The district court granted Appellees summary judgment concluding that filing a prison grievance was not a protected activity for the purpose of § 1983 and that the microwave had been placed at an appropriate height.

Since the district court's decision, we have clarified our § 1983 jurisprudence and explicitly stated that filing a prison grievance is constitutionally protected activity. Therefore, because the district court's decision rests on a flawed legal conclusion and because no other grounds exist to affirm, we must vacate. As to the ADA claim, we conclude that the district court did not properly apply the summary judgment standard. Based on the appropriate standard, there is a genuine dispute of material fact. We therefore vacate that part of the district court's decision and remand the case.

I.

A.

On May 29, 2013, Appellant filed an Administrative Remedy Procedure ("ARP") Grievance against Appellees. He alleged that Appellees denied disabled inmates the opportunity to work in the highest paid jobs in the prison in violation of the ADA.

2

Then, on June 12, 2013, Appellant filed a series of ARPs alleging that prison officials were harassing and retaliating against him for filing his initial ARP. He alleged the retaliation included improper reprimands for his work, threatening to change his housing assignment, and informing other prisoners about his ARP to intimidate him. Specifically, on July 7, 2013, Appellant was transferred from Housing Unit #1 to Housing Unit #2. As a result, he lost his job in the laundry facilities because it was tied to his housing unit. Appellant filed an ARP alleging that he had been moved in retaliation for filing ARPs.

On July 13, 2013, Appellant seriously burned his leg when he spilled a bowl of hot water he was microwaving. Appellant filed another ARP claiming that the microwave was placed at an inappropriate height for a wheelchair-bound person.

On June 9, 2014, Appellant filed suit against Appellees alleging they violated 42 U.S.C. § 1983 and the ADA, 42 U.S.C. § 12101 et seq. Appellees responded and filed a motion to dismiss or in the alternative for summary judgment. The district court construed the motion as a motion for summary judgment and granted Appellees summary judgment. Specifically, the district court concluded that Appellant had failed to state a colorable § 1983 claim because Appellant had "no constitutional right to participate in an administrative remedy or other grievance process." *Savoy v. Bishop*, 2015 WL 5165365, at *4 (D. Md. Sept. 2, 2015). The district court examined Appellant's complaint as it related to the ADA and determined Appellees had not violated the ADA when they refused to allow Appellant to participate in certain higher-paying prison jobs. *See id.* at 5. Appellant does not appeal this aspect of the ruling. Based on the record below, it is

3

not clear that Appellant's complaint alleged Appellees' refusal to allow him to participate in these work programs violated the ADA. *See* J.A. at 10;[1] Pl.'s Mem. Resp. Mot. Dismiss or Summ. J. at 2 ("The Defendants base their arguments on plaintiff's request to participate in the Vet Dog Program, which is not true. Plaintiff knew that he was not eligible for the Vet Dog Program.").

In a cryptic footnote, the district court acknowledged Appellant also claimed Appellees violated the ADA by placing the microwave at an inaccessible height, but the district court nevertheless granted Appellees summary judgment because they "affirm[ed] . . . that the depth and height of the microwave table satisfie[d] the ADA standards for design." *Id.* at 5 n.7.

This timely appeal followed.

## II.

We review a district court's grant of summary judgment de novo. *See Dreher v. Experian Info. Sols. Inc.*, 856 F.3d 337, 343 (4th Cir. 2017). Summary judgment is appropriate only when, viewing the facts in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A grant of summary judgment can be affirmed on any ground in the record "including theories not relied upon . . . by the district court." *Scott v. United States*, 328 F.3d 132, 137 (4th Cir. 2003).

---

[1] Citations to the "J.A." refer to the Joint Appendix.

III.

A.

To state a claim of retaliation in violation of § 1983, a plaintiff must show (1) he engaged in protected First Amendment activity, (2) the defendants took action that adversely affected plaintiff, and (3) a causal relationship between the protected activity and defendant's conduct. *See Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017). In this case, the district court concluded that filing prison grievances was not a protected First Amendment activity. As a result, the district court did not address whether Appellees' actions adversely affected Appellant or whether there was a causal relationship between Appellant's filing prison grievances and his transfer to a different housing unit and job loss.

While this appeal was pending, we decided *Booker v. South Carolina Department of Corrections*, where we held prison officials violate a prisoner's clearly established rights when they retaliate against him for filing a grievance. *See* 855 F.3d 533, 545 (4th Cir. 2017). Appellees acknowledge that Appellant "has a First Amendment right to be free from retaliation for filing a grievance." Appellees' Br. 9.[2] Nevertheless, Appellees argue that we should affirm the district court on alternative grounds, that is, they argue, even if Appellant was engaged in a protected activity, he cannot show Appellees' actions adversely affected him or a causal relationship between the protected activity and any alleged adverse action. However, both these arguments would require us to act as a court

---

[2] Indeed, Appellees never argued that Appellant lacked a constitutionally protected right to file prison grievances.

5

of first impression making findings and addressing issues that the district court did not reach. But, on the record before us, genuine disputes of material fact preclude the grant of summary judgment, and it is not our role to resolve these disputes in the first instance.

For an action to adversely affect a plaintiff's First Amendment rights, the retaliatory acts must be likely to deter "'a person of ordinary firmness' from the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) (quoting *Washington v. Cnty. of Rockland*, 373 F.3d 310, 320 (2d Cir. 2004) (Sotomayor, J.)). Here, the district court did not make any findings about the nature of Appellees' act. The district court did not compare Appellant's prior housing assignment to his current housing assignment and determine the impact of the change. The district court did not inquire into whether Appellant has a new job and, if so, whether the current job is worse than the previous job. Without this information, we cannot discern whether Appellees' actions would deter an ordinary person from exercising his First Amendment rights.

In addition, a plaintiff must show that the protected activity was the "'but for' cause of the adverse action alleged." *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 318 (4th Cir. 2006). Courts can infer causation when the adverse action occurs shortly after a plaintiff engaged in a protected activity. *See Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 253 (4th Cir. 2015).[3] But, to refute such evidence, defendants can offer a legitimate and permissible reason for their actions. *See Guessous v. Fairview*

---

[3] The analysis for causation pursuant to § 1983 is the same as it is for Title VII. *See Causey v. Balog*, 162 F.3d 795, 804 (4th Cir. 1998).

*Prop. Invs., LLC*, 828 F.3d 208, 217 (4th Cir. 2016). However, even after defendants have offered a legitimate reason, a plaintiff can still prevail on his claim if the evidence as a whole demonstrates that the proffered permissible reason is not the actual reason but merely a pretext. *See Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc).

Here, Appellees changed Appellant's housing assignment causing him to lose his work assignment shortly after Appellant filed his prison grievances. Appellees have responded that he was one of six inmates transferred at that time in order to create room for inmates involved in a program for which Appellant was ineligible because he had a previous conviction for a sex offense and the program was not open to inmates who had been convicted of sex offenses.

The district court did not examine whether this alleged reason was the true motivation or mere pretext. For example, the district court did not determine how many other inmates met the purported criteria for the transfer and were not transferred. Nor did the district court determine whether the other inmates transferred had filed grievances. If other inmates met Appellees' stated criteria but were not transferred, then it would tend to show Appellees' reason was a pretext. Likewise, if only inmates who filed grievances were transferred, it would tend to show Appellees' reason was a pretext. Without additional information, we cannot conclude as a matter of law that Appellees' stated reason for moving Appellant was its actual reason for moving Appellant. Therefore, summary judgment is inappropriate.

Further, Appellant argues that the district court erred in granting summary judgment on the ADA claim as it relates to the placement of the microwave. Summary judgment is only appropriate when the evidence is "so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). When a "genuine dispute as to any material fact" exists, summary judgment is inappropriate. *See* Fed. R. Civ. P. 56(a). A "genuine dispute as to any material fact" exists when reasonable minds could differ as to the result of a disputed issue and that issue could affect the outcome of the case. *Id.*; *see Scott v. Harris*, 550 U.S. 372, 380 (2007).

Here, Appellees' liability pursuant to the ADA depends on whether they placed the microwave at a reasonable height above the floor. *See Laird v. Redwood Trust LLC*, 392 F.3d 661, 663 (4th Cir. 2004). Therefore, whether the microwave was placed at a reasonable height constitutes a material fact. *See Anderson*, 477 U.S. at 248.

After investigating Appellant's ARP, Appellees determined that the microwave was placed 40 inches above the ground, and Appellant does not dispute this. However, Appellant disputes whether placing a microwave 40 inches above the ground was reasonable. Because reasonable people could disagree whether placing the microwave this high was reasonable, this is a genuine dispute. *See Scott*, 550 U.S. at 380. Appellees argue that the Department of Justice 2010 ADA Standards for Accessible Design (hereinafter "ADA Standards") control the issue and that the microwave was placed at the correct height pursuant to ADA Standards § 308.2.1 which states, "Where a forward

reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground."

However, Appellant argues Appellees rely on the wrong section of the ADA Standards because the introduction to § 308 states the reach ranges are for "building elements such as coat hooks, lockers, or operable parts." Instead, Appellant points to ADA Standards § 902.3 which provides, "The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground." The introduction to § 902 explains that this section applies to "[d]ining surfaces and work surfaces" such as "bars, tables, lunch counters, and booths" and "writing surfaces, study carrels, student laboratory stations . . . ." ADA Standards § 902.1. Appellant also argues that Appellees' reading of the ADA Standards is absurd because it would require a wheelchair-bound person to carry scalding hot items above their head.

In short, the above debate illustrates that a genuine dispute of material facts exists as to the appropriate height of the microwave, and, therefore, neither side is entitled to summary judgment on this issue.

IV.

For the foregoing reasons, we vacate the district court's judgement as it relates to Appellant's § 1983 claim and as it relates to the ADA claim regarding the placement of the microwave. We remand for further proceedings to address the issues identified above and for an ultimate determination of liability.

<u>VACATED AND REMANDED</u>