**UNPURLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2225**

MICHAEL TILLERY,

        Plaintiff – Appellant,

     v.

PIEDMONT AIRLINES, INC.,

        Defendant – Appellee,

--------------------------------------------------------------

METROPOLITAN WASHINGTON EMPLOYMENT LAWYERS ASSOCIATION,

        Amicus Supporting Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:15-cv-01256-LMB-IDD)

Argued: October 24, 2017                   Decided: November 28, 2017

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Arinderjit Dhali, DHALI PLLC, Washington, D.C., for Appellant.  Peter J. Petesch, LITTLER MENDELSON PC, Washington, D.C., for Appellee.  Stephen Z. Chertkof, HELLER, HURON, CHERTKOF & SALZMAN, PLLC, Washington, D.C., for Amicus Curiae.  **ON BRIEF:** Rachelle E. Hill, LITTLER MENDELSON, P.C., Denver, Colorado, for Appellee.  Erik D. Snyder, LAW OFFICES OF ERIK D. SNYDER, Washington, D.C.; Alan R. Kabat, BERNABEI & KABAT, PLLC, Washington, D.C., for Amicus Curiae.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Tillery ("Tillery") appeals the district court's award of summary judgment in favor of his former employer, Piedmont Airlines ("Piedmont"), on his claims for age discrimination pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, and race discrimination and retaliation pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17. Because Tillery cannot satisfy his burden under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), for any of his claims, we affirm.

I.

Tillery, a 67 year old African American man, worked as a ground control agent in Piedmont's operations department at Ronald Reagan Washington National Airport. An active member in the local union, Tillery represented his fellow employees in internal grievance proceedings and sometimes assisted them with external complaints to the Equal Employment Opportunity Commission. In 2011 and 2012, Tillery assisted three female employees in their sexual harassment complaints against a manager who was eventually terminated.

Lisa High ("High"), Piedmont's regional and administrative manager, made comments at two separate managers' meetings in 2013 that Tillery "was causing trouble again" with his union activities and that Piedmont "should simply retire [Tillery]"

3

because of his representation of other employees. J.A. 771, 776.[1] Tillery was not present at either meeting and heard about High's comments from two former co-workers. One of these co-workers also attended a meeting during which High and another employee made jokes about Tillery's age.

On March 18, 2014, a plane arrived at the airport and was scheduled to depart soon after. The flight crew radioed operations to request that four passengers with a connecting flight on the same plane remain onboard. Tillery was assigned to the B side position in operations that day, and his co-worker Sidy Bah ("Bah") was assigned to the A side position. Generally, the employee assigned to A side communicates with the flight crew, while the employee assigned to B side "keeps track of what A side is communicating with the crew and informs the rest of the company." J.A. 270. Bah authorized the four passengers with a connecting flight to remain on the plane. However, the gate agent was not informed that the passengers remained on the plane and permitted several standby passengers to board, thus resulting in an overbooked flight. This caused a 22-minute flight delay while the extra passengers were removed from the plane.

According to Tillery's manager, Bernard Kingara ("Kingara"), Tillery admitted responsibility for the flight delay at the time of the incident. Kingara understood Tillery to mean that Tillery had authorized the passengers to stay onboard the plane, which Tillery was not permitted to do because he was assigned to the B side. A recording of the

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

4

air-to-ground communications was not available at the time. Because Tillery was on a "Level 3 Final Warning" at the time pursuant to Piedmont's progressive discipline policy, Tillery was terminated shortly after the incident.

After listening to the recording of the air-to-ground communications, Piedmont later determined that it was not Tillery who authorized the passengers to remain on the flight. Nonetheless, Piedmont claims that Tillery was in fact responsible for the flight delay because he failed to communicate to the gate agent that four passengers remained on the plane. Piedmont did not take any disciplinary action against Bah as a result of the incident.

## II.

We review de novo the district court's award of summary judgment in favor of Piedmont. *See Bryan v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002) (race discrimination); *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 215 (4th Cir. 2016) (retaliation); *Laber v. Harvey*, 438 F.3d 404, 415, 430 (4th Cir. 2006) (age discrimination). On de novo review, we "apply[] the same legal standards as the district court, and view[] all facts and reasonable inferences therefrom in the light most favorable to [Tillery]." *Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 900 (4th Cir. 2017) (quoting *T-Mobile Ne. LLC v. City Council of Newport News*, 674 F.3d 380, 385 (4th Cir. 2012)). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the

nonmoving party." *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012).

Tillery relies on the *McDonnell Douglas* burden-shifting framework to prove his race discrimination, retaliation, and age discrimination claims. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, Tillery "must first establish a prima facie case of employment discrimination or retaliation." *Guessous*, 828 F.3d at 216. The burden then shifts to Piedmont "to articulate a non-discriminatory or non-retaliatory reason for the adverse action." *Id.* Finally, the burden returns to Tillery "to prove by a preponderance of the evidence that the stated reason for the adverse employment action is a pretext and that the true reason is discriminatory or retaliatory." *Id.*

### A.

As the district court held, Tillery's race discrimination claim fails because he is unable to establish a prima facie case. "[A]n employee demonstrates a prima facie case of race discrimination by showing that (1) he is a member of a protected class; (2) he suffered adverse employment action; (3) he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007).

Here, Tillery's position was filled by three individuals hired after Tillery's termination, who, like Tillery, are all African American. Therefore, Tillery cannot

6

demonstrate a prima facie case of race discrimination, and the district court's award of summary judgment to Piedmont on this claim is affirmed.

## B.

Similarly, Tillery fails to establish a prima facie case of retaliation pursuant to Title VII or 42 U.S.C. § 1981. Under either statute, a plaintiff employee must demonstrate that (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *See Guessous*, 828 F.3d at 217. Here, the identified protected activity is Tillery's assistance of other employees pursuing sexual harassment complaints against Piedmont in 2011 and 2012. But these actions occurred more than a year and a half prior to Tillery's termination, which "is too long to establish causation absent other evidence of retaliation." *Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998).[2] Tillery's additional proffered evidence of retaliation does not establish causation because High, the individual

---

[2] Tillery testified at his deposition that he ceased his involvement in these complaints when one of the employees hired an attorney sometime in 2012. After his deposition, Tillery filed an affidavit stating that he "continued to advocate for [the employee] by discussing her case with [Piedmont's] management" through December 2013 or January 2014. J.A. 779. Because Tillery's later-filed affidavit "contradicts his own prior deposition testimony," we disregard this portion of the affidavit. *Shockley v. City of Newport News*, 997 F.2d 18, 23 (4th Cir. 1993). A party cannot use an affidavit "to create 'sham issues of fact,' thereby destroying the utility of the summary judgment procedure." *Id.*; *see Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984) ("A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct.").

Tillery alleges made comments with retaliatory animus, did not participate in the decision to terminate Tillery.[3] Therefore, Tillery's Title VII retaliation claim fails.

Further, Tillery fails to establish a causal connection between his § 1981 protected activity and his termination. Tillery avers that he "had a conversation about race" with one of the decisionmakers involved in his termination, but as the district court pointed out, Tillery provides no details about when this conversation took place or about the decisionmaker's response so as to link this conversation to his termination. J.A. 668. To overcome summary judgment, Tillery "must rely on more than conclusory allegations" or "mere speculation." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013). Tillery has not met this burden. The district court's award of summary judgment to Piedmont on Tillery's retaliation claims is affirmed.

C.

Piedmont also argues that Tillery fails to demonstrate a prima facie case of age discrimination. To do so, Tillery "must show that (1) he was in the protected age group; (2) he was discharged; (3) at the time of discharge, he was performing his job at a level that met his employer's legitimate expectations; and (4) following the discharge, he was replaced by an individual of comparable qualifications outside the protected class." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315 (4th Cir. 1993). Piedmont contends that

---

[3] Tillery stipulated to this fact before the district court. *See* J.A. 424 ("The 4 individuals involved in the termination decision were Foose, Louden, Berg, and Zacek."). That stipulation is binding on appeal. *See Richardson v. Dir., Office of Workers' Comp. Programs*, 94 F.3d 164, 167 (4th Cir. 1996).

8

Tillery was not meeting its "legitimate expectations" at the time of his termination due to his disciplinary infractions. However, six weeks prior to his termination, Tillery's supervisor referred to him as "a seasoned and competent employee." J.A. 786. Tillery has thus crossed the threshold to establish a prima facie case of age discrimination at this stage of the litigation.

Nonetheless, Tillery is unable to show that Piedmont's proffered reason for his termination is a pretext for age discrimination. Even when, as here, the plaintiff employee has presented evidence that the employer's stated reason for the adverse employment action is false, an employer may still be entitled to judgment as a matter of law if "no rational factfinder could conclude that the action was discriminatory." *See* *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148–49 (2000). Neither High nor the other employee whom Tillery claims made derogatory remarks about his age participated in the decision to terminate his employment,[4] and there is no evidence that the decisionmakers were aware of these comments. The district court's award of summary judgment to Piedmont on this claim is affirmed.

## III.

For the foregoing reasons, the order of the district court is

*AFFIRMED.*

---

[4] *See supra* note 3.

9