**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1265**

SAMANTHA L. COLEMAN,

        Plaintiff - Appellant,

    v.

SCHNEIDER ELECTRIC USA, INC.,

        Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., Senior District Judge. (8:15-cv-02466-HMH)

Submitted: December 28, 2018                Decided: January 9, 2019

Before KEENAN, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Candy M. Kern-Fuller, UPSTATE LAW GROUP, LLC, Easley, South Carolina, for Appellant. C. Frederick W. Manning II, Nicole P. Cantey, FISHER & PHILLIPS LLP, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samantha Coleman appeals the district court's order granting summary judgment to Schneider Electric USA, Inc. ("Schneider") on her discrimination and retaliation claims raised pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2018), and the Equal Pay Act, 29 U.S.C. § 206(d) (2012). Finding no error, we affirm the district court's order.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

To establish a failure to promote claim under Title VII, a plaintiff must first make a prima facie showing "that [she] (1) is a member of a protected class; (2) applied for the position in question; (3) was qualified for the position; and (4) was rejected for the position under circumstances giving rise to an inference of unlawful discrimination."

2

*Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 189 (4th Cir. 2004). "If the plaintiff makes such a showing, the defendant must respond with evidence that it acted on a legitimate, non-discriminatory basis." *Worden v. SunTrust Banks, Inc.*, 549 F.3d 334, 341 (4th Cir. 2008). "If the defendant does so, the plaintiff is then obliged to present evidence to prove that the defendant's articulated reasons were a pretext for unlawful discrimination." *Id.*

Here, the district court correctly granted summary judgment on Coleman's failure to promote claims. While Coleman applied for a position as the Customer Service Supervisor, Schneider subsequently decided to eliminate the position and assigned the position's duties to Marcengill, another supervisor, with no raise in pay. A plaintiff cannot establish a prima facie case if the employer eliminates the position that the plaintiff applied for without other evidence of discriminatory intent. *See Morgan v. Fed. Home Loan Mortg. Corp.*, 328 F.3d 647, 651-52 (D.C. Cir. 2003). Coleman's challenge to Schneider's characterization of its business decision and to Marcengill's eligibility for the position are unavailing.

Turning to the Trainer position, we conclude that the district court correctly concluded that Coleman failed to establish that Schneider's legitimate, nondiscriminatory reason for not promoting Coleman—her poor communication skills—was a pretext for discrimination. Coleman's argument on appeal focuses primarily on her qualifications for the position. "A plaintiff alleging a failure to promote can prove pretext by showing that [she] was better qualified, or by amassing circumstantial evidence that otherwise undermines the credibility of the employer's stated reasons." *Heiko v. Colombo Sav.*

3

*Bank, F.S.B.*, 434 F.3d 249, 259 (4th Cir. 2006). "We assess relative job qualifications based on the criteria that the employer has established as relevant to the position in question." *Id.* The plaintiff need not have been the better-qualified candidate for the position, but must show "evidence which indicates that the [employer's] stated reasons for promoting [the other candidate] were a pretext for discrimination." *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 269 (4th Cir. 2005). However, a plaintiff "cannot establish pretext by relying on criteria of her choosing when the employer based its decision on other grounds." *Id.* at 271.

Here, while Coleman may have satisfactorily trained engineers in her department in the past, the hiring manager believed that Coleman's communication skills were not well-suited to a training role. A former manager had previously informed Coleman that her communication skills needed improvement, and after working with Coleman, her new manager developed a similar opinion. While another former supervisor found that Coleman performed her training tasks adequately, the hiring manager was entitled to form a different opinion of Coleman's capabilities. *See id.* at 272 (recognizing that we "cannot require that different supervisors within the same organization must reach the same conclusion on an employee's qualifications and abilities"). Coleman's other evidence of pretext likewise fails to call into question Schneider's decision to not promote her.

Finally, we conclude that the district court did not err in rejecting Coleman's retaliation claim. To establish a prima facie case of retaliation under Title VII and the

4

Equal Pay Act,[1] a plaintiff is required to "show (1) that she engaged in protected activity; (2) that her employer took an adverse action against her; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs*, 780 F.3d at 578 (alterations and internal quotation marks omitted). A plaintiff may attempt to demonstrate that the protected act caused an adverse action through two routes. First, a plaintiff may establish that the adverse act bears sufficient temporal proximity to the protected activity. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001). Second, a plaintiff may establish the existence of other facts that alone, or in addition to temporal proximity, suggests that the adverse employment action occurred because of the protected activity. *See Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007).

The district court correctly recognized that Coleman failed to establish a causal connection between her protected activity and the alleged adverse actions. While Coleman attempts to create temporal proximity by relying on Schneider's default in her lawsuit (subsequently set aside) that occurred closer to the events in question, the relevant date is when the decisionmakers learned of Coleman's protected activity. *See Strothers v. City of Laurel*, 895 F.3d 317, 336 (4th Cir. 2018). Coleman points to no evidence in the record that the relevant decisionmakers knew of the default in this litigation. Stokes learned of Coleman's first EEOC charge in late 2014, and Parks, the human resources manager, learned of it in January 2015, more than one year before Stokes issued the

---

[1] Retaliation claims under Title VII and the Equal Pay Act are governed by the same standard. *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340-44 (4th Cir. 2008); *Culver v. Gorman & Co.*, 416 F.3d 540, 545 (7th Cir. 2005).

5

performance evaluation and Parks began drafting the development plan.[2] *See Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998) ("A thirteen month interval between the charge and termination is too long to establish causation absent other evidence of retaliation.").

Additionally, Coleman lacks other evidence of retaliatory animus. Stokes issued Coleman an above-average performance review after learning of her first EEOC charge, undercutting any inference that he acted with retaliatory animus when he issued the disputed performance evaluation. *See Dixon v. Gonzales*, 481 F.3d 324, 336 (6th Cir. 2007). As to the development plan, Parks drafted the plan to improve Coleman's promotion opportunities, and the tasks in the plan were designed to remedy specific shortcomings identified by Schneider.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Like the district court, we assume without deciding that these actions were adverse.